By the Court. Campbell, J.
This bill was filed to prevent the erection of a melting-house on the 1st Avenue, in the city of Hew York. The injunction granted at the time the bill was filed, was afterwards modified so far as to allow the erection of the building, and also the commencement of the melting business. Afterwards, the defendants were indicted, convicted, and fined for maintaining and carrying on this business, which was thus adjudged a serious nuisance. After the conviction, the defendants discontinued the melting business at this place. We *132 are now asked to decree a perpetual injunction. On the part of the defendants, it is among other things alleged, that the bill was prematurely filed. We think not. The erection of a building for the purpose of carrying on an offensive business, and which has been adjudged a nuisance, was threatened. In the case of Catlin v. Valentine, 9 Paige 315, the facts were almost precisely the same as in this. The injunction was sustained by the chancellor, and we entirely concur in the opinion delivered by him. Using the word melting-house for slaughter-house, we might adopt his opinion as our opinion in this case.
The defendants have discontinued the melting business at this place, and if they do not wish to restore the nuisance, a perpetual injunction can do them no harm. The verdict of the jury, and the conviction of the defendants, show that the complainants were right in their apprehensions, and were justified in filing their bill. We entertain no doubt as to the power of the court to interfere by injunction, and prevent the establishment of nuisances of this character. We have the power to prevent, as weE as to remedy evils. At the same tune, we are free to admit, that the power shoidd be exercised with great caution. We have looked into the cases cited by the defendants, and esj>eeially the case of the Earl of Ripon v. Hobart, reported in 3d Mylne & Keen 169, and which was so strongly relied upon on the argument; and we ijhink it supports the views taken by us as to the power of the com’t, and which indeed, may be considered as settled in our own and the English courts.
It is not necessary now to discuss again the questions relative to the admission of the record of conviction, and of the capacity of the complainants to file this biE. These questions were decided at the hearing.
A perpetual injunction must issue, with costs to the complainants.