CHARLES SIMAR AND WIFE, Appellants, *v.* GEORGE CANADAY, Respondent.

Upon appeal to this court from an order of the General Term granting a new trial, the respondent is not confined to the grounds upon which the decision below was based, but may show other grounds for sustaining it.

A misjoinder of parties-plaintiff is not a ground for dismissal of the complaint as to all the plaintiffs, if either has shown that he has a good cause of action. In such case the motion must be for a dismissal of the complaint of the plaintiff, in whom no right of action appears.

An erroneous denial of a motion to dismiss the complaint of one of several joint plaintiffs, who has shown no cause of action, is not a ground for a new trial. The General Term has power and should correct the error by making the order asked for upon the trial, and if there was no other error should sustain the judgment in favor of the other plaintiffs.

Where one is induced by false representations to part with property in exchange for worthless securities, which he gives to another, the donor, not the donee, can maintain an action for the fraud against the wrong-doer.

As between a wife and any other than the State or its delegates or agents exercising the rights of eminent domain, her inchoate right of dower in the lands of her husband is a subsisting and valuable interest, to protect and preserve which she has a right of action.

*Moore* v. *The Mayor, etc.* (8 N. Y., 110), limited.

Where, therefore, a husband and wife join in a conveyance of lands of the former, the sale being induced by fraud on the part of the grantee, the wife has a cause of action against him for damages sustained in the loss of her inchoate rights of dower.

In such case, while the injury to the husband and the wife are separate and distinct, yet there is such a common interest as to authorize them to join in one action.

All statements by a vendor as to the value of property sold are not mere matter of opinion. If he, knowing them to be untrue, makes them with the intention of misleading the vendee, and if the latter, relying upon them, is misled to his injury, he may avoid the contract or recover damages for the injury.

Whether a representation as to value was a mere expression of opinion or belief, or an affirmation of a fact to be relied on, is a question of fact for a jury.

(Argued May 14, 1873; decided September 23, 1873.)

*has not equal means of knowledge and is induced to forbear making inquiries which he otherwise would have made and"*    *See 56 N. Y. P. 3 n.*

APPEAL from order of the General Term of the Supreme Court in the third judicial department, setting aside a verdict in favor of plaintiffs and granting a new trial.

The plaintiffs are husband and wife, and brought this action jointly to recover damages for an alleged fraud on the part of defendant in inducing plaintiffs to convey to defendant certain premises known as "the Newtonville property," situate near Albany, and to receive in part payment therefor three bonds and mortgages of $1,000 each, which plaintiff alleged to be worthless. The property conveyed was owned by Mr. Simar. The three mortgages were by his direction, and as a gift from him, assigned by the defendant to the wife, who joined with her husband in the deed of the premises. ·

Other facts appear in the opinion.

The jury rendered a verdict for plaintiffs, and exceptions were ordered to be heard at first instance at General Term.

*Lyman Tremain* for the appellants. As the General Term could only have passed upon questions of law arising upon exceptions ordered to be heard there in the first instance, an appeal from the order thereof to this court is proper. (*Wright* v. *Hunter*, 46 N. Y., 409; *Sands* v. *Crooke*, id., 564; *Dickson* v. *R. R. Co.*, 47 id., 507; *Downing* v. *Kelly*, 48 id., 433.) Julia Simar held the mortgages assigned to her as trustee for Charles Simar, who is a proper party to this action. (*Rider* v. *Kidder*, 10 Ves., 366; *Lloyd* v. *Read*, 1 P. Williams, 607; *Eband* v. *Dawer*, 2 Ch. Cas., 26; S. C., 1 Eq. Abr., 382, p. 11; 2 Madd. Ch. Pr., 101; *Garfield* v. *Hatmaker*, 15 N. Y., 475; *Everett* v. *Everett*, 48 id., 218.) If there was a misjoinder of plaintiffs, it was the duty of the General Term to affirm so much of the judgment as is correct. (Code, §§ 173, 274, 330; *Ackley* v. *Tarbox*, 31 N. Y., 564; *Brownell* v. *Winnie*, 29 id., 400; *W. and O. Coll. Inst.* v. *Blackman*, 48 id., 633; *Staats* v. *R. R. Co.*, 39 Barb., 298; *Decker* v. *Hassell*, 26 How. Pr., 528.) Plaintiffs could maintain this action on the ground of the fraud practiced to induce Mr. Simar to take the securities at his own risk. (1 Cow. Tr., 5th ed., 36,

§ 76, citing 3 Comp., 154; 6 I. R., 110; 7 W. R., 380, 387; Story on Con., § 495; 32 N. Y., 275; 16 Wis., 485.) The interest of Julia Simar conveyed by her deed was sufficient to afford her a cause of action for fraud. (Laws 1840, chap. 177; 1 Story Eq. Jur., § 656; *Jackson* v. *Edwards*, 7 Paige, 408; 3 Albany L. J., 126; *Ropper* v. *Gilbourne*, 8 How., 456.) False and fraudulent statements as to what the property sold for afforded a ground of action. (30 N. Y., 655; *March* v. *Falker*, 40 id., 562; *Clark* v. *B.*, 2 Lans., 67; *Sandford* v. *Handy*, 23 Wend., 268; Clark's Ch. [Moak's ed.], 417.)

*Matthew Hale* for the respondent. Plaintiffs could not maintain a joint action. (*Palmer* v. *Davis*, 28 N. Y., 242; *Mann* v. *Marsh*, 35 Barb., 68; *Dundendale* v. *Grymes*, 16 How., 195; *Brownson* v. *Gifford*, 8 id., 389.) Defendant's representations as to the mortgages and land being good were matters of opinion, and no action could be sustained upon them if false. (*Vesey* v. *Dolton*, 3 Al., 380; Story on Sales, §§ 165, 168; *Starr* v. *Bennett*, 5 Hill, 303: *Van Epps* v. *Harrison*, id., 63, 69; *Chester* v. *Comstock*, 6 Rob., 1; *Herman* v. *Cooper*, 8 Al., 334; *Medbury* v. *Watson*, 6 Met., 246, 259, 261; *Taylor* v. *Scoville*, 54 Barb., 34.) There was no proof that defendant knew the allegations to be false or assumed to know they were true. (*Oberlander* v. *Spiess*, 45 N. Y., 175; *Meyer* v. *Amidon*, id., 169; *Marsh* v. *Falker*, 40 id., 562; *Marshall* v. *Gray*, 57 Barb., 414; *Bernard* v. *Spring*, 42 id., 470; *Robinson* v. *Flint*, 58 id., 100; *Clark* v. *Bamer*, 2 Lans., 67, 70; *Chester* v. *Comstock*, 6 Rob., 1; affirmed, 40 N. Y., 375, note.) Fraud must be proved and cannot be presumed. (*Starr* v. *Peck*, 1 Hill, 270, 272, 273; *Marsh* v. *Falker*, 40 N. Y., 562; *Fleming* v. *Slocum*, 18 J. R., 403.) Fraud without damage is not actionable. (*Taylor* v. *Scoville*, 54 Barb., 34.) It was error not to allow defendant to show value of the Newtonville property. (*Likes* v. *Beers*, 10 Iowa, 89.)

FOLGER, J.  The respondent has a right to show in this court other ground for sustaining the order of the General Term granting a new trial than that upon which the decision was there put.  It is, therefore, necessary to consider all the points made by him at the trial, and which are renewed here.

The defendant moved at the circuit to dismiss the complaint, and was denied.  The motion was put upon different grounds.

1st. That the plaintiffs could not maintain a joint action, and that there was thereby a misjoinder of parties plaintiff. This point is not rested upon the marital relation of the plaintiffs, and the existence of that relation may, in considering it, be put out of view.  It is an objection which may be taken at the trial.  (Code of Pro., § 144, sub. 6, § 148 ; *Palmer* v. *Davis*, 28 N. Y., 242.)  But it is not an objection which affords good ground for a motion to dismiss the complaint of both plaintiffs, if either of them has shown that he or she has a good cause of action.  In such case, the motion must be for a dismissal of the complaint of the plaintiff, in whom no right of action appears.  (28 N. Y., *supra.*) Whether either of the plaintiffs had shown a cause of action will be considered under the next two heads.

2d. That the plaintiff, Charles Simar, had made out no cause of action in his favor, and that his complaint should be dismissed.  The motion in this respect was probably addressed to the particular point that Charles Simar had testified that his wife, the co-plaintiff, was the owner of the property conveyed to the defendant ; and, hence, he could have suffered no damage, though the defendant had obtained a conveyance of it by fraud, and consequently had no cause of action therefor.  He did say that the property was his wife's, he thought, which was the reason the mortgages were assigned to her ; but it is alleged in the complaint and specifically admitted in the answer that he was the owner of the property conveyed to the defendant, and it was plainly shown to be so by the production in evidence of the deed from Steel & King to him.

The General Term put its decision for a new trial upon the ground that the mortgages having been assigned to the wife, they became her separate property, and if any loss resulted by the fraud complained of, it was to her and not to her husband; and that, therefore, he had no cause of action.

The defendant does not take this position in his points or argument in this court, but places the right to a dismissal of the complaint, in this branch of it, solely upon the absence of a joint cause of action in the plaintiffs. Nor is this position tenable. It was upon the property of the husband that the fraud (assuming it to have been committed) had its effect. It was that property which was lost by the fraud. He suffered loss and damage. Whether the plaintiff, Charles Simar, made out a case against the defendant upon the representations and their falsity, will be considered hereafter.

3d. That the plaintiff, Julia Simar, had made out no cause of action in her favor, and that her complaint should be dismissed.

There is no testimony to show that she had any right or interest in the Newtonville property, save that given by her husband above mentioned, and the proof of an inchoate right of dower therein. In face of the allegations and admissions of the pleadings, and of the proof furnished by the deed to her husband, it cannot be contended that she can be held the owner of any right or interest therein other than the inchoate right of dower. Nor can her right of action be placed upon the assignment of the mortgages by the defendant to her, and her ownership of them thereby. Though they should be conceded to have turned out altogether worthless, and to have been taken solely upon false and fraudulent statements of the defendant, it is not thereby established that she has any cause of action against him; for she had not, as the donee of them from her husband, sustained damage in such legal sense as would entitle her to recover for a fraud which did not affect her property. The gift of value which was contemplated to be made to her, was of no worth when received. This was *damnum absque*

*injuria.* She has no remedy therefor, because no right has in contemplation of law been invaded. (See *Mahan* v. *Brown*, 13 Wend., 261.) The refusal or discontinuance of a favor gives no right of action. (*Id.*) That a favor done is not fruitful of profit by reason of the wrongful act of a third person preventing, brings no different result.

Is her inchoate right of dower in the property obtained by the defendant, by the conveyance in which she joined and thereby released that right to him, such a right and interest as the law will protect from injury? This court, in *Moore* v. *The Mayor, etc.* (8 N. Y., 110), has held that the wife has no interest in the lands of her husband which requires that compensation shall be made to her on the taking of them for a public purpose. The act of the legislature in that case directed a just estimate of the damage to the persons interested in the lands. It was held that, as the right of the wife was contingent upon her surviving her husband, it was such a possibility as might be released, but was not the subject of grant or assignment, nor, in any sense, an interest in real estate. In *Barbour* v. *Barbour* (46 Maine, 9), it is held that an inchoate right of dower is subject to be modified, changed, or even abolished by legislative enactment. But, notwithstanding these, there are authorities that the inchoate right of dower is a valuable right, and will be guarded and preserved to the wife by the judgments of the courts. There are cases in which it has been held that the release of an inchoate right of dower is a good consideration in equity for an agreement by the husband with the wife, and she has been assisted in enforcing the same. (*Garlick* v. *Strong*, 3 Paige, 440.) A wife who executes a mortgage jointly with her husband, is nevertheless entitled to dower in the equity of redemption of which her husband is seized, notwithstanding the mortgage, which right is not affected in equity unless she is made a party to the foreclosure. If omitted, she can come in at any time and redeem, notwithstanding a decree and sale in the foreclosure suit. *Mills* v. *Van Voorhies* (20 N. Y., 412), where it was held that the

existence of an inchoate right of dower in the equity of redemption of mortgaged premises, was a good objection to title by a vendee in an action against him for specific performance of his contract. In that case,' this strong expression is found: The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow. In *Matthews* v. *Duryee* (4 Keyes, 525), the inchoate right of dower of a wife was held to attach to surplus moneys arising upon a sale on foreclosure of mortgage; a judgment in her favor for the value of her dower in that fund 'was affirmed. There was strong dissent in that case, and *Moore* v. *Mayor, &c.* (*supra*), was cited by the minority of the court with approval, though the dissent is not placed directly upon the ground that an inchoate right of dower is not an interest which will be protected and enforced. See also *Jackson* v. *Edwards* (7 Paige, 386; S. C., 22 Wend., 498). And in the Supreme Court are cases which have been acquiesced in, and cited with approval in this court. (*Denton* v. *Nanny*, 8 Barb., 618; *Vartie* v. *Underwood*, 18 id., 561.) We think that it must be considered as settled in this State, notwithstanding *Moore* v. *The Mayor*, and some *dicta* in other cases, that, as between a wife and any other than the State, or its delegates or agents exercising the right of eminent domain, an inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end. Inasmuch as the acts alleged against the defendant, if proven to the extent averred, did work harm to such a right and interest of the plaintiff, Julia Simar, she had a right of action against him for the damages sustained. Moreover, granting that she had no interest in the property which gave her a cause of action, yet the erroneous denial of the motion to dismiss the complaint, as to her, was not reason for a new trial. The General Term, if there was no other error, should, having power so to do, have corrected this, making itself the order in that respect which was asked for at the circuit, and have sustained the action at circuit in favor

of the other plaintiff. If he showed a cause of action and recovered, he should not be put to a new trial solely because his co-plaintiff did not the same.

4th. Having thus shown that both Simar and his wife had a cause of action (if it be assumed that a case of fraudulent representations had been made out), the objection of the defendant, in its exact letter, returns.

That objection was, that no *joint* cause of action in favor of the plaintiffs had been made out. The cause of action we have found in the husband is that he is defrauded of the fee in the premises; that in the wife is that she is defrauded of her inchoate right of dower, which is consequent upon his title in fee. They are not strictly the same thing, yet they are bound together in the same property; they are taken out of the owners by the same instrument, and that instrument is induced and the two rights are lost, as is alleged, by the same fraudulent acts. One recovery will satisfy both claims, and one judgment be a bar to another action by either of the plaintiffs. The acts of the defendant were done at one time to both plaintiffs, and were an injury to both plaintiffs, inflicted at the same time; hence, there is such common interest in the subject of the suits as to authorize them to join in one suit, although the injury which each sustained is separate and distinct. In equity, this rule has often been announced; as where creditors, by different judgments, united in one action as plaintiffs to detect and repress the fraud of the debtor (*Brinkerhoff* v. *Brown*, 6 J. C. R., 139; see also *Fellows* v. *Fellows*, 4 Cow., 682); where owners of different tenements affected by a nuisance joined in an action to prevent it (*Peck* v. *Elder*, 3 Sandf., 126, note [a]); where proprietors of different mill-sites united in an action to restrain a division of the water-course (*Reid* v. *Gifford*, Hopk., 416). And at law, if a covenant be joint expressly, it will not be construed to be several by reason of several interests, per JEWETT, J. (*Pearce* v. *Hitchcock*, 2 N. Y., 388.) In an action on an injunction bond, the subject of the action being the damage sustained by the obligees, they may all join as

plaintiffs, notwithstanding the claim of one of them is different in character and amount from that of the others. (*Loomis* v. *Brown*, 10 Barb., 325.)    And the Code (§ 59) having abolished all distinction between actions at law and suits in equity, and provided for but one form of action, then (§ 117) enacts that all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided. Here both plaintiffs have an interest in the subject of the action; be that subject the property conveyed, or the acts of the defendant and the consequent damage, and both have an interest in obtaining the relief demanded.  "There is a common point of controversy, the decision of which affects the whole, and will settle the rights of all," so far as the issues in this action are concerned.    See also *Hubbell* v. *Meigs and others* (50 N. Y., 480).

These considerations apply to the ground upon which the case was disposed of at General Term ; but many other exceptions were taken by the respondent at the trial, and are now urged here, and, as we have said, he has a right to renew them here, and maintain the order of the General Term for a new trial, if any of them appear to be well made.

The defendant contends that the representations alleged to have been made by the defendant were not such as to afford a ground for an action.  It is first insisted that the statements as to the value of the lands and of the mortgages thereon were mere matter of opinion and belief, and that no action can be maintained upon them if false.  If they were such, no liability is created by the utterance of them ; but all statements as to value of property sold are not such. They may be, under certain circumstances, affirmations of fact.  When known to the utterer to be untrue, if made with the intention of misleading the vendee, if he does rely upon them and is misled to his injury, they avoid the contract. (*Stebbins* v. *Eddy*, 4 Mason, 414–423.)    And where they are fraudulently made of particulars in relation to the estate which the vendee has not equal means of know-

ing, and where he is induced to forbear inquiries which he would otherwise have made, and damage ensues, the party guilty of the fraud will be liable for the damage sustained. (*Medbury* v. *Watson*, 6 Metc., 246, *per* HUBBARD, J.; and see *McClellan* v. *Scott*, 24 Wis., 81.)

This exception of the defendant arises in two forms: once on the motion to dismiss the complaint for want of sufficient proof; and again on a request to charge, which was acceded to, with a qualification. In its first form, we have only to inquire whether there was enough in the testimony to require of the trial court to give the question to the jury. Whether a representation as to the value is merely an expression of opinion or belief, or an affirmation of a fact to be relied upon, is a question for the jury. On looking into the testimony, we think that it was properly left to their decision.*

\*      \*      \*      \*      \*      \*      \*

The judgment of the General Term should be reversed, and the plaintiffs should have judgment upon the verdict in their favor at the circuit, with costs.

All concur, except ANDREWS, J., dissenting.

Judgment accordingly.