## SUPREME COURT.

JAMES F. MAHON agt. ALBERT B. SMITH and others.

*Deed of settlement in consideration of a wife's relinquishment of her dower
right in real estate — Release of wife's claims of dower good consideration
to sustain the trust — Assignment of husband's interest, in his lifetime, is
a breach of deed of settlement.*

Pascal R. Smith and his wife Harriet executed a deed of settlement
whereby $15,000 (the proceeds of real estate conveyed by Mr. Smith,
the dower right in which the wife released, and agreed to relinquish
her like interest in all other real estate which her husband owned or
might thereafter acquire) was transferred to a trustee to pay the income
to the wife during the joint lives of husband and wife, and, upon the
death of either, to pay the income to the survivor for life; and, after the
death of both, to pay the principal sum, one-half to such persons as
each respectively should direct by will, or in case of either or both
dying intestate, then the share of such intestate to go to his or her
personal representatives:

*Held,* sustaining a demurrer to the complaint as not stating a cause of
action, in a suit to recover Mr. Smith's interest, after his death, under
an assignment of such interest made by him in his lifetime, that the
wife's release of her claims of dower was a good consideration to sus-
tain the trust, and that the said assignment is a breach of the deed of
settlement.

*Held,* that Mr. Smith having parted with all his interest in the fund and
dedicated it to the uses and purposes of the settlement, and failed to
exercise the right he reserved, the fund must go in the direction which
the deed gives it.

*Special Term, December,* 1880.

DEMURRER to complaint.

*A. Pond,* for demurrer.

*Clifford A. H. Bartlett,* opposed.

VAN VORST, J. — The intentions of the parties who created
the deed of settlement in this case are disclosed in words clear
and unambiguous.

The moneys the subject of the trust, and which were by the deed fully disposed of, were the proceeds of real estate conveyed by Pascal B. Smith, in which his wife Harriet had an inchoate right of dower. She released her dower right in that real estate, and agreed to relinquish her like interest in all other real estate which her husband owned, or which he might thereafter acquire; and in consideration of such release and agreement on her part, the deed of settlement was executed by herself, her husband and the trustee who was to hold the fund. This release of her claims of dower was a good and valuable consideration for the disposition made by her husband of all his interest in the fund, and of his obligations, expressed in the writing, with respect thereto. Dower is valuable right and is highly favored (*Simar* agt. *Canaday*, 53 *N. Y.*, 303, *per* FOLGER, *J.*). By this deed Pascal B. Smith assigned and transferred to Cabrary Morris, and his successors, all his interest in the principal sum of $15,000 and the income thereof, in trust, to pay the income to Harriet Smith during the joint lives of the husband and wife, and upon the death of either to pay the income to the survivor for life, and, after the death of both, to pay one-half of the principal sum to such persons as Harriet Smith should by her last will and testament direct; and in case she should have left no will, then to the personal representatives of the said Harriet Smith; and to pay the other half of the principal sum to such person as Pascal B. Smith should by his last will direct, or in case of his death without leaving a will, then to the personal representatives of Pascal B. Smith.

The instrument then provides for the security of the investment of the fund by the trustee, and contains in substance a prohibition against the change of investment without the consent of all the parties.

The intention of these parties, husband and wife, with respect to this fund, separated and set apart and sedulously guarded, and in which each had an interest, is quite plain. Not only is the income disposed of during the life of each,

but the principal sum after their deaths in the event that they died intestate. And this result was reached through the solemn agreement of the parties themselves. Any attempted disposition made by either party to an instrument of this nature in opposition to its terms would be to defeat it.

The wife might willingly agree that her husband should dispose of a portion of the principal of this fund by a last will, in the natural expectation that those who had claims upon his bounty, as offspring of the marriage, would be cared for in such disposition; but if he failed to make such testamentary disposition the desired result would be reached through an administration by his personal representatives under the statutes concerning distribution.

I am, therefore, of the opinion that the assignment made by Pascal B. Smith, in his lifetime, to the plaintiff, of his interest in the fund, is a breach of the deed of settlement. It is in direct opposition to the letter and spirit of the instrument. When the deed provides that the husband may dispose at his death of a part of the fund in a particular manner, and in the event of his failure to make such disposition the fund shall go in a certain direction, he cannot defeat the gift over by the assertion of a right to dispose of it in a way and to a person not contemplated by the deed.

There is nothing upon which the assignment, through which the plaintiff claims, can operate in law or equity, as Pascal B. Smith had parted with all his interest in the fund, and dedicated it to the uses and purposes of the settlement, reserving to himself, however, a certain right which he has failed to exercise, and the funds must go in the direction which the deed gives it. Had Pascal B. Smith disposed of his interest by last will and testament, executed either before or after the assignment to the plaintiff, the legatee must have taken the property; and this shows that the assignment can interpose no valid obstacle to the claim of the personal representatives.

It does not seem to me to be necessary to support by

authority a proposition so clearly in accord with natural justice, and which rests upon good faith in maintaining the stipulation in deeds of this character. The learned counsel for the plaintiff has been careful to cite many cases which bear more or less upon the general question, but none of them sanctions an act in opposition to the terms of such a deed. As the objection above indicated is fundamental and disposes of the plaintiff's right, it is not deemed necessary to consider the other grounds discussed by the learned counsel for the defendant. As the complaint does not disclose facts sufficient to constitute a cause of action, there must be judgment for the defendant on the demurrer.