MARIE ANTOINETTE WITTHAUS, APPELLANT, *v.* FREDERICK C. C. SCHACK, RESPONDENT.

*Fraudulent representations* — *by husband inducing conveyance of dower interest by the wife* — *Code of Civil Procedure,* § 829 *not applicable to the wife's testimony as to the representations made.*

The plaintiff brought this action to set aside a deed, executed by herself and her deceased husband, by which certain real estate owned by the husband was conveyed to the defendant upon trust to pay the debts of the husband. She alleged that she was induced to execute the deed upon the representations then made to her by her husband, that it ·was in conformity with a proposed deed of trust in which she had agreed to unite, and that relying upon the truth of such representations, and believing the instrument to be what her husband said it was, she executed it without reading it; that the representations were false and that her husband was of unsound mind at the time he made them.

*Held,* that she was entitled to maintain the action to recover the value of her dower right in the property.

That she was a competent witness to testify to the representations made to her by her husband, as against the defendant, and was not disqualified by section 829 of the Code of Civil Procedure.

APPEAL from a judgment, entered upon a trial at Special Term dismissing the plaintiff's complaint.

*Charles A. Davison*, for the appellant.

*Lewis Sanders*, for the respondent.

BRADY, J.:

The plaintiff is the widow of Rudolph A. Witthaus, and on the 23d of December, 1876, united with him in the execution of a deed of trust of real estate in the city of New York, part of it lying north and part of it south of Fifty-ninth street, and released thereby her inchoate right of dower in the premises described. She alleges that she was induced to execute the deed upon representations, made at the time of its execution by her husband, that it was in conformity with the proposed deed of trust to which she had already assented and in which she had agreed to unite, and that, relying upon the truth of such representations, and supposing the instrument to be what her husband said it was, she executed it without reading it ; that what she had consented to was to release so much of the real estate owned by her husband as lay north of Fifty-ninth street in this city, and that the only amount which she proposed to secure to the defendant in this action was the sum of $9,000 ; that she had never agreed to secure Ida Mommer, *nee* Schack, for any amount whatever, and that she would not have executed the instrument in question had she supposed it to contain any conditions other and different from those embraced in her previous agreement. The plaintiff further alleges that her husband was of unsound mind when he made such representations, although she was not aware thereof. On the trial she offered to prove these representations. She offered to prove also the alleged unsoundness of her husband's mind. But the testimony was all excluded.

The deed executed was one of trust, and by which the party of the second part was to convey the premises, respectively, in such manner and form as would in his judgment produce the best price that could be realized from the same, and was to apply the money obtained from such sales, as the same should from time to time be received, in paying off and satisfying, *pro rata*, the claims due and owing by the plaintiff's husband, as recited in the deed.

It will be perceived that the debts themselves were not released, and that the property conveyed was to be employed in discharging them, as already mentioned, to such an extent as its proceeds would permit. The defendant was not a purchaser, therefore, for value, and took the deed subject to all existing equities. One of these equities was the inchoate right of dower in the premises in favor of the plaintiff. That right was a subsisting and valuable one, if it had not been conveyed, to protect and preserve which she could maintain an action (*Simar* v. *Canaday*, 53 N. Y., 305), and it is one which the law creates on the instant of marriage for the benefit of the wife, and for which she is not indebted to the husband except by the mere act of union. She does not acquire it by assignment, or deed or conveyance from him directly or indirectly.

The evidence which it was designed that she should give in reference to her case, and by which it was to be established, was objected to upon the ground that she was an incompetent witness under section 829 of the Code of Civil Procedure, and the objection would appear upon first blush to have been well taken, but on an examination it was found to be valueless. The defendant's title to her inchoate right of dower acquired by the deed which she executed was derived through her directly and not through any title or interest of her husband. It was her separate estate, and it was a subsisting right which she could protect and for any injury to which she could maintain an action. (See *Simar* v. *Canaday, supra.*)

It is true that the fraud complained of was practiced by her husband, but in reference to this right she was, on all the authorities, entitled to as much protection from his acts as from those of a stranger. She did not seek herein to interfere in any way with the title which was acquired through his instrumentality to the estate which her husband possessed in the lands conveyed, but to show that her husband, by a fraud practiced upon her, had deprived her of a title which the defendant enjoyed without any consideration other than the payment, or partial payment, of debts due by her husband and not discharged. She is pursuing by legal means an equity which she was improperly induced to convey to the defendant, and between whom and her the transaction took place, although accomplished by another's agency. She does not attempt to assail the conveyance executed by her husband or by herself, except so

far as to assert that it was obtained from her by representations which were false; and as she occupied towards her husband, in regard to her dower, an entirely independent position and one which he could not control, her action seems to be entirely within the usual and ordinary rules of evidence.

The plaintiff's case, briefly stated, is that she owned property in her own right, which was taken from her by fraud committed by her husband, who was the *quasi* agent of the defendant, the latter receiving it for the payment of his and other debts and not upon any new consideration. As an assignee for the benefit of creditors he occupied no higher ground than her husband would if living. It is the manner of the taking of property by her husband for the defendant's benefit of which she complains, and about which she has a right to be heard.

The defendant does not, as already suggested, derive his title to her dower from her deceased husband, but from her, and the transactions and communication with the deceased relate to the negotiations for its transfer which was accomplished. The plaintiff was not to be examined against an executor or administrator or survivor of a deceased person deriving his title from, through or under a deceased person, by assignment or otherwise, concerning a personal transaction between the witness and the deceased relating to such title. This is not an action against the executors of the plaintiff's husband, or against a person deriving his title through or under a deceased person to the subject matter in controversy, but against a person deriving title from her, the plaintiff, through the fraudulent instrumentality of a person deceased, and her evidence relating thereto is not within the prohibition, therefore, of section 829 of the Code. It may be said of this section, as remarked of section 399 of the old Code, by JOHNSON, J., in Cary v. White (59 N. Y., 340): "The various phrases employed in the statute to express the relation to the deceased which precludes testimony from the opposite party, as to personal transactions or communications with the deceased, indicate that the ruling idea *is that of succession in interest to the deceased.* It is against his executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor, that evidence of his personal transactions and communications with the other party cannot be proved by such party. The party standing

in each of these relations is considered as representing an interest which the deceased had, or is claimed to have had, at the time of the transaction or communication sought to be proved, which interest has subsequently devolved on such party. When, therefore, the interest of such party is not in this sense derived from the deceased, but was vested in the party *by title superior to, and exclusive of the deceased person at the time of the transaction proposed to be proved,* he ought not to be regarded as occupying either of the relations which the statute protects, although in some literal sense he may stand in such relation."

This view covers the plaintiff's case. It does not present one of the exceptions specified in section 829 of the Code, and the courts cannot allow any that are not therein contained. (*Lobdell* v. *Lobdell*, 36 N. Y., 334.)

For these reasons it is thought the judgment appealed from was erroneous, and must be reversed.

DAVIS, P. J., concurred.

Present — DAVIS P. J., and BRADY, J.

Judgment reversed.