Barnard, P. J.
This action is based upon a bond given on exchange of real estate between Thomas Nelson and the defendant. The Nelson place was in Peekskill and the Miller place was in the city of Brooklyn. The value of the Peekskill property, for the purposes of this appeal, was, at the time of the exchange, $5,000, and the value of the Brooklyn property was $16,500, on which there was a mortgage of $9,500. There was a mortgage of $5,000 on the Peekskill property. Mr. Nelson, during his negotia tians, asserted the value of his place to be $11,000; that it was a nice place; that it had never been in the market, that it was a salable place; and that one Briggs would buy *597 it The defendant preferred to see Briggs, and was dissuaded therefrom by Nelson with the remark “don’t you see him till you take possession of the place;” “that if Briggs didn’t buy it, he had three different parties that he would sell it to; that he would sell it within thirty days for $11,000.”
The proof shows that it was not a nice place and was not salable, and would justify a finding that Mr. Briggs did not want to buy the place, and apparently was unable to do so, his homestead being sold in 1887 under foreclosure. The case was one for the jury. A false representation as to the price paid for hops was held a good answer to a claim for the price induced by the falsehood. Smith v. Countryman, 30 N. Y., 655.
A statement of value is not mere opinion as matter of law. A statement of very enlarged value will make a case for the jury. If the intention was to mislead, it is a defense to the claim on the promise which was the result. Simar v. Canaday, 53 N. Y., 298.
When the false assertion consisted in a statement that a certain person wanted to buy the property'and the purchaser “must act quickly, held an actionable fraud. Hammond v. Pennock, 61 N. Y., 145
A trial may result in a finding that there was no fraud, as the testimony of the plaintiff seems to be fully met by the defendant’s, but it is for the jury to find on the evidence.
Judgment reversed and new trial granted, costs to abide event.
Dykman and Pratt, JJ., concur.