Hyatt, J.
This motion was for work, labor and materials done and supplied for the defendant in designing, drawing and executing certain bottle wraps at the agreed price of $8.50 per thousand.
The answer alleges that the defendant did make the agreement set forth in the complaint and that pursuant to such agreement the plaintiff furnished bottle wraps of thin paper, which should have been, according to the agreement, of paste-board, and that by reason of their not being of pasteboard they were worth two dollars less per thousand.
The defendant admits that it received the bottle wraps, and retained the same, being induced to do so by the alleged false and fraudulent representations of the plaintiff that such wraps of thin paper so supplied were worth as,, *170 much at the usual market price as those of paste-board which it had agreed to supply.
It is well settled that there can be no false and fraudulent representations as to value under such circumstances which could in law affect the transaction. (Simar v. Kanaday, 53 N. Y., 298, 306; Ellis v. Andrews, 56 id., 83; Chrysler v. Canaduy, 90 id., 272, 279.)
The ruléis well settled that a naked assertion by a vendor of the value of property offered for sale, even although untrue of itself and known to be such by him, unless there is a want of knowledge by the vendee and the sale is made in entire reliance upon the representations made, or unless some artifice is. employed to prevent inquiry or the obtaining of knowledge by the vendee, will not render the vendor responsible to the vendee for damages sustained by him.
It is not claimed in the answer that any fraudulent representations were made as to the kind or quality of the wraps, or as to any fact in relation thereto affecting their value, hut simply as to their marketable value, about which opinions might differ.
The defendants received and accepted the goods, and presumably had full opportunity to judge of the quality and value of the same. And, having this opportunity, they had no right to rely upon the representations of the plaintiffs; and if they had no knowledge on the subject, they should have made further inquiry.
In cases of executory contracts for the sale and delivery of personal property, the remedy of the vendee to recover damages on the ground that the article furnished does not correspond with the contract, does not survive the acceptance of the property by the vendee after opportunity to ascertain the defect unless notice has been given to the vendor, or the vendee offers to return the property.
He cannot accept the delivery of the property under the contract, retain it after having had an opportunity of ascertaining its quality, and recover damages if it be not of the quality or description called for by the contract. Reed v. Randall, 29 N. Y., 358.
In the case at bar the defendant admits it received the wraps with an opportunity of examining the same, and instead of relying on its own judgment as to their value took that of the plaintiff and accepted the wraps; they were never returned nor was any tender made.
As a separate and distinct defense the defendant sets up an arbitration.
There is no pretense that the arbitration was under the statute or that the forms and procedure required by the statute were followed.
The counter claim pleaded in the answer arises solely ou *171 of the circumstances purporting to be a defense. If the-defense cannot be upheld the counter-claim must fall with it.
The judgment should be affirmed, with costs
Haul, J., concurs; Ehrlich, J., dissents.