By the Court—Sedgwick, Ch. J.
The only ground taken on the argument, as a reason for reversal, wasi that the complaint unites causes of action which do *12 not affect all the parties under section 484 of the Code of Civil Procedure, which declared, after union of causes had been allowed by the previous section, “ But it must appear upon the face of the complaint that all the causes so united, belong to one of the foregoing subdivisions of this section, that they are consistent with each other, and. except as otherwise prescribed by law, that they affect all parties to the action.’’
Leaving unconsidered for a while the effect of making a party-plaintiff or parties-plaintiff, Frances S. Shepard individually, and as administratrix of Francis N. Shepard, it may first be said there is not in the complaint more than one cause of action. That is an equitable cause of action for an injunction which carries with it an equitable right to recover the damages that have followed from the trespass, as to which the plaintiffs have the remedy of an injunction. • This latter right to damages is not a separate legal cause of action, but a part of an equitable cause of action. In such case it is proper to make any one who has a common or joint interest in the damages actually done, or in any part of them, a party-plaintiff. Section 446 Code Civil Procedure ; Story’s Equity Pleadings, §§ 72 to 76a. It is not a misjoinder if all the plaintiffs have an interest in the action, although it is not a co-extensive interest. A tenant for life and remainderman may join as plaintiffs in a suit that concerns their interest in the estate (Story’s Equity Pleadings, § 27a) a fortiorari, when the action concerns a common interest. All this is in part grounded on the equitable consideration that as few litigations as possible should be made against the defendants.
The injunction asked was against the continued operation of the elevated road of the defendants and the maintenance of its structure. The remedy for this was one equitable cause of action for the injunc *13 tion and the recovery of the damages caused, at least, before the bringing of the action.
Before 1887, the plaintiffs, Robert F. Shepard, jyiary N. Shepard and Francis N. Shepard, were the tenants in common of the premises affected by the railroad. In 1887 Francis N. Shepard died, leaving as his heirs his children. The children became tenants in common with the owners of the other two undivided third parts. Although the heirs could not recover for damages before the death of their father, yet, under the rules stated, it was proper to make them plaintiffs. The other tenants in common had a right to recover damages inflicted continuously from before the death of the father of the children and afterwards to the bringing of the action, at least. The children had a right to the one-third of the damages from the time of their father’s death. All the tenants in common had become interested in the damage done. No question is made as to how infant heirs, when plaintiffs, should be represented.
Now, going to the joinder of Frances S. Shepard, as administratrix and individually, it should be held that she had a right, as administratrix, to the. damage that had been suffered by the land owned by her intestate Francis N. Shepard, and that had been suffered before his death, and for that reason could be made plaintiff.
I will also hold that her personal interest, as widow without dower assigned, was such an interest that it might be protected by injunction against the effects upon the land in which she might have an estate in dower. This is an inference from Simar v. Canaday, 53 N. Y. 298. The same case supports the joinder of the other parties.
I further suggest, that as to Frances S. Shepard, individually, the question is, not whether she is entitled to recover as having a right of dower before assignment, but whether her claim-to be so entitled, *14 from its nature, is a part of an alleged cause so that she could be a plaintiff.
The judgment and order should be affirmed with costs.
Freedman and O’Gorman, JJ., concurred.