KEENAN *et al. v.* KEENAN.

*(Supreme Court, General Term, Third Department.* November 26, 1890.)

1. ACTION TO SET ASIDE DEED—FRAUD.
　Where the widow of one of the heirs to a tract of land, which she and her husband, together with the other heirs, united in conveying, sues to set aside the deed, alleging that herself and husband were induced to sign it by fraudulent representations, the fact that the complaint also contains all the allegations necessary to an action to recover dower does not make it an action for that purpose, and there is no improper joinder of causes of action.

2. SAME—PARTIES.
　The infant heirs of the husband were proper parties plaintiff, since his right of action to set aside the deed descended to them.

3. SAME.
　The co-heirs, who joined with the husband and wife in executing the deed, were not necessary parties, since there was no allegation that their signatures were procured by fraud.

4. SAME.
　The administrator of the husband was not a necessary party, since he could have no interest in the land, if recovered.

5. SAME—PLEADING.
　An allegation that the husband and wife "executed" the deed, and that "it conveyed" to defendant all their right in the land, sufficiently showed that the deed was delivered.

Appeal from special term, Saratoga county.

Action by Celestia Keenan and others against Anne Keenan to set aside a deed. A demurrer of defendant to the bill was overruled, and defendant appeals.

"PUTNAM, J. John Keenan died in 1885, intestate, the owner of the premises described in the complaint, leaving five children, of whom Henry Keenan was one. Henry Keenan died intestate on February 7, 1889, leaving the defendants Madeline Keenan and Maggie Keenan his only children and heirs, and Celestia Keenan, his widow. Plaintiffs claim that the deceased, Henry Keenan, and his wife, Celestia, the plaintiff, with the other heirs of John Keenan, deceased, executed a deed of the premises set out in the complaint, and which deed was obtained fraudulently from said Henry Keenan and Celestia; that their signatures thereto were obtained by fraudulent representations as to the contents of the said instrument. This action was brought by the plaintiffs, as the widow and heirs of the said Henry Keenan, to set aside said deed as to them. It is conceded by the defendant that the complaint sets forth a good cause of action in favor of the plaintiff Celestia to set aside the deed on the ground of the alleged fraudulent representations. It follows that the complaint also sets forth a cause of action in favor of the other plaintiffs to set aside the deed as to them on account of such fraudulent misrepresentations, if the said plaintiffs have the same right of action to avoid the deed in question that their ancestor had. It is claimed that, while the complaint sets out a good cause of action in favor of the plaintiff Celestia to set aside the deed, it also alleged all the facts necessary to be stated in an action to recover dower, and hence that the complaint shows an improper joinder of causes of action, under section 484 of the Civil Code.

"I am unable to appreciate the force of this position of the defendant. This action cannot be deemed one to recover dower. Plaintiff Celestia claims that, owing to fraud and misrepresentations, she and her husband were induced to sign the deed in question; and the object of the action is to set aside that instrument. While the deed stands, of course she is in no position to recover dower. Should the judgment in the action set aside the deed, she would then be in a position to claim it; but such judgment must precede any such claim. Such action would be brought by the plaintiff Celestia against her co-plaintiffs, and is one in which defendant would have no interest. If the complaint sets out properly a cause of action to set aside the deed in question for

fraud, because the facts therein stated, if set out in another action between other parties, and claiming other relief, would entitle plaintiff to that relief, and which would be inconsistent with the relief asked for in this action, this is no ground for the demurrer by the defendant on the ground of an improper joinder of causes of action. In substance, the complaint claims that Henry Keenan and his wife, Celestia, were fraudulently induced to execute the deed in question, in ignorance of its contents. It asks to set aside such deed. It claims that the lands in question descended to plaintiffs, as the heirs and widow of Henry Keenan, subject to the cloud cast thereon by this fraudulent conveyance, which cloud they ask to have removed. There is no inconsistency in the allegations that the land descended to the plaintiffs as the heirs and widow, as stated in the complaint, and the allegation elsewhere contained therein as to the execution of the deed in question, which is alleged to have been fraudulently obtained from the deceased and his wife.

"I also think it was not improper to unite the infant heirs of Henry Keenan with his widow as plaintiffs in the action. The claim in the complaint is to wipe out the deed which conveyed the one-fifth interest in the lands left by John Keenan, intestate, to Henry Keenan. Had Henry Keenan lived, it is well settled that such an action as this could have been properly brought by him and his wife as plaintiffs. See Civil Code, §§ 446–448; *Simar* v. *Canaday*, 53 N. Y. 298–303. And see *McCrea* v. *Railway Co.*, 23 Wkly. Dig. 334. If Henry Keenan and his wife (the plaintiff Celestia) could have properly maintained the action as co-plaintiffs, it would seem to follow that the infant children of Henry, who have succeeded to his title, are also proper co-plaintiffs with the plaintiff Celestia.

"It does appear that the other heirs of John Keenan are necessary parties to this action. The grounds of the action are that defendant obtained of Henry Keenan and his wife their signatures to the deed in question by fraudulent practices. This deed is a simple conveyance by the heirs of John Keenan of his and their interest in the premises in question. There is no allegation, and it is not alleged, that any such fraud as the complaint alleges and the demurrer admits was practiced upon the deceased, Henry Keenan, and his wife, was also practiced upon either of the other grantors; hence it appears that the deed, void as to John and his wife, may be valid as to each of the other heirs of John Keenan. The deed, by its terms, conveys an absolute interest in the property to the defendant; hence it does not appear that either of the other grantors named in said deed have any interest whatever in this action. If they signed the deed knowingly, and without any fraud being practiced upon them, as to them the deed is a valid instrument. And it does not appear by any allegations in the complaint that this action could in any manner affect their rights or interests, or the rights or interests of either of the said grantors. I do not regard the cases cited by the defendant as parallel. It is possible that the other heirs of John Keenan are proper or necessary parties to the action. I do not think it so appears in the complaint. If such is the fact, it is a proper defense for the defendant to assert in her answer. It is alleged in the complaint, and admitted by the demurrer, that the deed in question was obtained by fraudulent representations; and it follows that Henry Keenan could in his life-time have maintained an action to avoid it. I have no doubt but what, on his death before the statute of limitations had barred his right of action to remove such fraudulent cloud upon his title, such cause of action descended to his heirs at law. In the case of *Mitchell* v. *Mitchell*, 5 Wkly. Dig. 449, (which case was carried to the court of appeals,) the action was brought by heirs to set aside a similar alleged fraudulent conveyance, obtained from their deceased ancestor; and in neither court was it ever suggested or claimed that the right of action did not descend to the heirs. Plaintiff was defeated on the merits, but the right of the heirs to maintain such an action was conceded by the eminent counsel appearing for de-

fendant, as well as by the court. The same may be said of the case of *Valentine* v. *Duryea*, 37 Hun, 427.

"If the deed is set.aside, according to the prayer of the complaint, the land goes to the plaintiffs. In fact, the land has descended to the plaintiffs subject to the cloud cast upon it by such fraudulent deed. An administrator of Henry Keenan, deceased, could have no interest in such land, and hence such administrator is not a necessary party in the action. I think the allegation in the complaint that Henry Keenan and wife 'executed' the deed in question, and that 'it conveyed' to defendant all the right which said Henry and Celestia had at the time in question to the premises therein described, in connection with the copy of the deed annexed to the complaint, sufficiently shows the delivery of such deed. Bouvier defines 'execute' as follows: 'To execute a deed, which means to make a deed; including, especially, signing, sealing, and delivery.' On the whole, I conclude that the complaint is sufficient, and that the demurrer should be overruled."

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*L. M. Brown*, for appellant. *D. S. Potter*, for respondents.

PER CURIAM. Judgment affirmed, with costs, and with leave to defendant, in 20 days after notice of this judgment, upon payment of costs below and of this appeal, to withdraw demurrer and answer over, on opinion of court below.