## WOLVERTON et al. v. ROGERS.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. TRIAL—TAKING CASE FROM JURY—DISMISSAL—SEVERAL PLAINTIFFS—GENERAL MOTION.

     A general motion to dismiss an action by four plaintiffs should have been denied, where a cause of action was shown as to two.

2. PARTIES—MISJOINDER—WAIVER.

     Under the express terms of Code Civ. Proc. §§ 488, 498, 499, by not objecting by answer that there was a misjoinder of plaintiffs, such misjoinder not appearing on the face of the complaint, defendant waived the objection, and was not entitled to move to dismiss the action on that ground on trial.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 145.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Byron Wolverton and others against James Rogers. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Benj. Frindel, for appellants.

Louis Ehrenberg, for respondent.

GAYNOR, J. The action is for a broker's commission on the sale of real estate. The evidence is that the defendant employed two of the plaintiffs to sell the property, that they brought him a purchaser on his terms, and that he refused·to make the contract. Two other brokers are joined as plaintiffs because they assisted the plaintiffs in getting the purchase, though not employed by the defendant. At the close of the plaintiff's evidence a motion to dismiss the complaint was granted. The motion was not severed as to each set of plaintiffs, but made generally against all. It is now sought to uphold the nonsuit on the ground that "no interest in common is shown in the plaintiffs against the defendant." This was not a ground on which to dismiss the complaint against all. A cause of action was proved in two of them, and the dismissal was error in respect of them. It was for the. defendant to sever his motion. A complaint cannot be dismissed as to all of the plaintiffs because a cause of action has not been made out by some of them. A general motion to dismiss in such a case has to be denied, and should have been denied in this case. Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523.

Furthermore, the Code of Civil Procedure allows a demurrer for a misjoinder of parties plaintiff (section 488, subd. 5), which was not the case formerly (Code Proc. 1848, § 144), and provides that unless the objection be taken by demurrer where it appears on the face of the complaint, or by answer where it does not, it is deemed to have been waived (Code Civ. Proc. §§ 498, 499). Not having objected by answer (for the misjoinder did not appear on the face of the complaint), the defendant was not in a position to move to dismiss because of it on the trial.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.