(78 Misc. Rep. 178.)

MURPHY v. MURPHY et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

FRAUD (§ 11*)—FALSE REPRESENTATIONS—REPRESENTATIONS AS TO FACTS OR OPINIONS.

Plaintiff, 22 years old, inexperienced in business, and who had resided with one or both of his uncles, except when traveling outside of the city as an usher in a circus, was told by his uncles that his interest in his grandfather's estate was a one-twelfth interest, and was worth only $300. He deeded his interests to one of them for this amount, and subsequently learned that the property was assessed at $7,800, and was worth $10,000. *Held* that, the value of the property being peculiarly within defendants' knowledge, their statement as to its value was not a mere expression of an opinion, but a representation as to a fact, on which, in view of the relationship of the parties and plaintiff's inexperience, he had a right to rely.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 12, 13; Dec. Dig. § 11.*]

Appeal from City Court of New York, Trial Term.

Action by Hugh J. Murphy against John J. Murphy and another. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial granted.

Argued October term, 1912, before SEABURY, GUY, and BI-JUR, JJ.

Monfried & Feinberg, of New York City (Max Monfried and Belle Robins, both of New York City, of counsel), for appellant.

H. B. Davis, of New York City (Louis Sachs, of New York City, of counsel), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J. Plaintiff sues to recover damages by reason of the false and fraudulent representation of defendants, his uncles, under the following circumstances:

Having been an orphan from childhood, he resided with one or both uncles whenever he was not traveling outside of the city as an usher in a circus. He was inexperienced in business. On one of his returns to this city, when he was 22 years of age, he sought from defendants his share in the estate of his grandfather—the father of the defendants. They told him that his interest was one-twelfth in certain houses, and that it was worth only $300, and that if he did not take that he would not get anything, whereupon he deeded his interest to one of them for that amount. Subsequently he learned that the property was worth some $10,000, and that even its assessed valuation at the time he made the transfer was $7,800.

The learned trial justice appears to have dismissed the complaint on the theory that a representation as to value is merely an opinion; but, under the circumstances disclosed by plaintiff's testimony, the defendants' statements were not of an opinion, but of a fact. The value of the property, in reference to which the representation was made, was peculiarly within the knowledge of the defendants, and the relationship of the parties was such that the plaintiff had the right to trust and confide in the statements of the defendants. Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523; Daiker v. Strelinger, 28 App. Div. 220, 50 N. Y. Supp. 1074.

Furthermore, plaintiff's inexperience, and his relations to his uncles, as shown by his undisputed evidence, warranted his making no further inquiries in the matter. Eaton v. Avery, 83 N. Y. 31, 39, 38 Am. Rep. 389; Clark v. Rankin, 46 Barb. 570, 575; 20 Cyc. 126; Hall v. Perkins, 3 Wend. 627.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.