J. PETER HINES, Respondent, v. CHRISTIAN H. HINES and
    CELENE E. HINES, His Wife, Appellants.

Second Department, January 20, 1922.

Witnesses — action to have deed given by decedent declared to be
    mortgage and for partition — wife of plaintiff incompetent under
    Code of Civil Procedure, § 829, to testify to transactions between
    plaintiff, defendant and grantor in presence of witness — plaintiff
    incompetent to testify to declarations by grantor.

In an action to have an absolute deed given by the mother of the parties
    to the defendant declared to be a mortgage and for partition the wife
    of the plaintiff is incompetent under section 829 of the Code of Civil
    Procedure to testify to conversations and transactions had between the
    mother and the plaintiff and defendant in the presence of the witness
    tending to show that at the time the deed was given it was merely for
    the purpose of securing the defendant for moneys loaned by him to his
    mother, and she is incompetent, likewise, to testify that after the execution
    of the deed, on two occasions, she accompanied her mother-in-law to the
    tax office to pay taxes on the property described in the deed.

The plaintiff, examined as a witness in his own behalf, was also incom-
    petent to testify to the declarations made by his mother at the conversa-
    tions testified to by his wife.

APPEAL by the defendants, Christian H. Hines and another,
from an interlocutory judgment of the Supreme Court in
favor of the plaintiff, entered in the office of the clerk of the
county of Kings on the 15th day of July, 1921, upon the
decision of the court rendered after a trial at the Kings Special
Term in an action to obtain a decree declaring a certain deed
to defendant Christian H. Hines to be a mortgage, and for an
accounting.

*Edward E. McCall* [*James A. Sheehan* and *Henry P. Burr*
with him on the brief], for the appellants.

*John A. Valentine* [*Lawrence J. McGoldrick* with him on
the brief], for the respondent.

KELLY, J.:

On June 26, 1905, Amelia Hines, the mother of the plaintiff
Peter Hines and of the defendant Christian Hines, executed,
acknowledged and delivered to her son, the defendant Chris-
tian, a full covenant warranty deed conveying to him certain

premises on Wyona street near Liberty avenue in the borough of Brooklyn, city of New York. The premises were conveyed subject to an existing mortgage of $1,500, and the deed was duly recorded.

On March 10, 1911, the said Amelia Hines died, leaving a last will and testament dated November 28, 1904, in and by which, after providing for a legacy of $100 to a third son, Arnold, she devised all the residue of her estate to her sons Peter, the plaintiff, and Christian, the defendant, in equal shares.

On August 20, 1920, fifteen years after the date of the deed and nearly nine years after the death of his mother, the plaintiff Peter began this action against his brother Christian and Celene, the wife of Christian, alleging that the deed of 1905 was given by his mother as security for money due Christian upon certain promissory notes held by him, upon an oral agreement between the mother and her son that he was to hold the property in trust, collecting the rents and profits thereof, out of which he was to pay taxes and assessments and all charges for " up-keep," and to pay any surplus to his mother, but that in the event of the sale of the property he should reimburse himself for the money due him upon the notes, paying over any surplus of the proceeds of sale to his mother. Plaintiff alleges that thereafter, in 1915, Christian borrowed money on bond and mortgage on the property; that in 1919 he sold part of the premises, and that prior to the commencement of the action the alleged purpose of the deed in 1905 had been completed, and that Christian had reimbursed himself for the indebtedness to secure which the deed was given. Plaintiff avers that he is the owner of and entitled to the immediate possession of one-half of the premises, title to which remains in defendant Christian subject to the dower right of defendant Celene, the wife of Christian. He alleges demand for a conveyance and an accounting, and refusal by Christian, and prays for judgment declaring that the deed of 1905 was a mortgage, that an accounting be had, that it be decreed that plaintiff Peter and defendant Christian are each seized of one-half of the premises, and that a partition and sale be had. The defendant Christian answered denying the allegations in the complaint.

Upon the trial of the action the plaintiff Peter called as a witness his wife, Minnie Hines, to whom he was married in 1902, and ·interrogated her concerning conversations had between the mother and her two sons, Peter, the plaintiff, and Christian, the defendant, at which conversations the witness Minnie was present. Objection was duly made by defendants' counsel that the witness was incompetent to testify under section 829 of the Code of Civil Procedure, but the learned trial justice overruled the objection and defendants duly excepted to such ruling.

The witness thereupon testified that her mother-in-law said in her presence that she had signed the house to Christian to protect him, but that the deed was not to go on record for a certain time, until she sold other property owned by her, and then, if she did not pay him moneys due him on notes held by him, the deed was to go on record to protect him; if he sold the property he should take what belonged to him and what was left was to be divided between Christian and Peter, the husband of the witness. Subsequently the same witness, Minnie Hines, testified over like objection, ruling and exception, that on two occasions she accompanied her mother-in-law to the tax office to pay taxes on the property.

The plaintiff Peter Hines, called as a witness in his own behalf, was asked to relate conversations between his mother, his brother the defendant and himself, at which conversations the wife of the plaintiff was said to have been present. Objection was made under section 829 of the Code, which was overruled by the learned trial justice, to which defendants duly excepted, and the witness related the conversation substantially as testified to by his wife, the preceding witness.

Later in his testimony the plaintiff was asked by his counsel concerning the sale of the Lafayette avenue property by his mother in her lifetime, and over like objection to his competency to testify under section 829 of the Code, which was overruled and exception taken, he testified that his mother received the proceeds of sale of the Lafayette avenue property, that " she deposited it in the bank or paid off the debts to my brother as security, whatever was to be done. Q. Did she pay off the debt to you out of that money? A. Yes, sir."

The defendant, called as a witness in his own behalf, denied the conversations testified to by his sister-in-law Minnie, or that he ever participated in any conversation such as testified to.

Upon this evidence the Special Term found that the conversations took place as testified to by plaintiff and his wife Minnie, and that the deed to defendant Christian, absolute on its face, was simply given as security for the outstanding indebtedness; decreed the deed to be a mortgage; that plaintiff Peter was seized in fee simple and entitled to one-half of that portion of the premises title to which remained in defendant Christian " subject to the inchoate right of dower of his wife Minnie Hines." The court also decreed that defendant Christian was seized of the remaining one-half of the property subject to the dower right of his wife, the defendant Celene, and directed partition and sale of the property and an accounting by defendant Christian.

The appellant insists that the learned trial justice erred in admitting the testimony of the witness Minnie Hines as to the conversations between the deceased mother-in-law and plaintiff and defendant over defendant's objection that such testimony was barred by section 829 of the Code. He cites *Matter of Eno* (196 App. Div. 131), where Mr. Justice PAGE, writing for this court in the First Department, said (at p. 156): " Edith Eno, the wife of Henry Lane Eno, was allowed over the proponents' objection and exception to testify to a conversation at a luncheon in Amos F. Eno's house in which said Eno participated, and to testify to statements then made by Amos F. Eno. The objection made was that the witness was incompetent to testify to personal transactions with the deceased by reason of the inhibition of section 829 of the Code of Civil Procedure. Her husband, Henry Lane Eno, was a nephew and one of the heirs-at-law of Amos F. Eno. If the contestants were successful in this proceeding and the probate of the will refused, her husband would take, in case of intestacy or under the will offered for probate by the contestants, a very large interest in the testator's realty and she would have an inchoate dower interest in the land thus acquired. It is well settled that ' an inchoate right of dower in lands is a subsisting and valuable interest.' (*Simar* v. *Canaday*, 53 N. Y. 298, 304.) The witness had an interest

in the event of the action, and by reason thereof was disqualified from testifying concerning personal transactions with the deceased. (*Steele* v. *Ward*, 30 Hun, 555; *Matter of Blaine*, 143 App. Div. 687, 690; *Roche* v. *Nason*, 105 id. 256, 267; affd., 185 N. Y. 128.)" And Mr. Justice PAGE continues (p. 157): " The case of *Griswold* v. *Hart* (205 N. Y. 384) does not tend to support the ruling of the surrogate. By the rule there laid down an interested witness is disqualified from testifying to a conversation or transaction in his presence, though it was not addressed to him and he did not participate in it, the court saying ' whatever he derives from the personal presence of the deceased by the use of his senses is a communication from the deceased ·to him within the meaning of the statute.' "

The cases cited seem to dispose of respondent's contention that, because the conversations testified to were between deceased and her two sons, or, as respondent asserts, between the two sons in presence of the deceased, the mother participating in the conversations, the transaction was not a personal transaction between the witness Minnie Hines and the deceased person. Plaintiff set out to prove an agreement between the deceased mother and his brother, the defendant, by which the deed to the latter, absolute upon its face, was simply a mortgage to secure an existing debt. And the witness was allowed to testify to the statements of the mother to her two sons in support of plaintiff's contention. I think this was clearly inadmissible. The same reasoning applies to the admission of the testimony by plaintiff's wife as to her journey to the tax office with deceased. And the trial court permitted the plaintiff, examined as a witness in his own behalf, to testify to the declarations made by his deceased mother at the conversations testified to by his wife.

I think the admission of this incompetent evidence compels the reversal of the judgment.

The judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

BLACKMAR, P. J., RICH, KELBY and YOUNG, JJ., concur.

Interlocutory judgment reversed and new trial granted, with costs to appellants to abide the event.