Jewett, Ch. J.
 

 The main ground of the demurrer put in to the plaintiffs’ declaration is, that the suit is brought in the names of only
 
 two
 
 of thecae obligees named in the bond, insisting that a suit upon this bond cannot be sustained by an individual creditor named as an obligee, in his own name, without joining the others, if living.
 

 At the common law this objection would be fatal, the rule being, that in suits on bonds or deeds, all the obligees or covenantees, if alive, must join as plaintiffs in bringing the action.
 
 (Cabell
 
 v.
 
 Vaughn,
 
 1
 
 Saund.
 
 291,
 
 F. note
 
 4;
 
 S. C.
 
 1
 
 Vent.
 
 34;
 
 Vernan
 
 v.
 
 Jeffreys,
 
 2
 
 Strange,
 
 1146;
 
 Scott
 
 v.
 
 Godwin,
 
 1
 
 Bos. & Pul.
 
 74;
 
 Sorsbie
 
 v.
 
 Park,
 
 12
 
 Mees, & Wels.
 
 146.) In cases where the covenantees have or are to have several interests or estates, and the covenant is made to and with the covenantees and
 
 cum quolibet eorum aut altero eorum ;
 
 these words make the covenant several; as if one by indenture demise Black-acre to A., and White-acre to B., and Green-acre to C., and covenant with .them and either of them, that he is lawful owner of all these acres, in this case the covenant is several. But if he demise to them the three acres together, and covenant in this manner, the qovenant is joint and not several, for the words, and with every of them are, in this case, only words of amplification and abundance, and do not sever the joint cause of action.
 
 (Shep. Touch
 
 166, 5
 
 Rep.
 
 18.) Baron Parke, in
 
 Sorsbie
 
 v.
 
 Park,
 
 said that he thought the correct rule was laid down by Gibbs, C. J. in the case of
 
 James
 
 v.
 
 Emery,
 
 (5
 
 Price,
 
 533,) with the qualification stated by Mr. Preston, in the note to Shepard’s Touchstone, 166. That rule is, that a covenant
 
 *390
 
 will be construed to be joint or several, according to the interest of the parties appearing upon the face of the deed, if the
 
 words are capable of that construction;
 
 not that it will be construed to be
 
 several
 
 by reason of
 
 several interests,
 
 if it be expressly joint. I think that is the true distinction.. In this case, although we can see from the recitals in the bond, that the, obligees had separate and distinct interests, yet it is expressly joint, and the words of it will not admit it to be construed a several bond. Therefore if all the obligees are living, the action cannot be sustained by the rules of the common law in the name of any number of them less than all.
 

 The legislature had power
 
 to alter
 
 that rule, and I think it has done so in respect to this bond.
 
 2 R. S. 12, §
 
 57, provides-that “
 
 every
 
 such bond shall be held for the common benefit of all the attaching creditors, and may be prosecuted at any time within six months after its date, and not afterwards, by them
 
 jointly
 
 or by any one of them
 
 separately,
 
 in respect to his sep-. arate demand; and in every such action the prosecuting cred-. itor shall establish his demand, in the same manner as in an action against the debtorplainly, as it seems to me, giving to each of such creditors, a
 
 separate
 
 action in his own name upon the bond for the recovery of his demands, as well as a joint action to all, at their election.
 

 A strong argument is derived by counsel for the defendants, from the construction put upon
 
 2 R. S.
 
 493, in
 
 Arnold,
 
 v.
 
 Tallmadge,
 
 (19
 
 Wend.
 
 527,) where it was held that an action upon a bond given to several attaching creditors on the discharge of a ship or vessel, pursuant to the provisions of the statute regulating proceedings for the collection of demands against ships and vessels, must be brought in the names of all the obligees. Perhaps it is not too much to say, that if that construction of that statute is correct, it must govern the decision here. Although I entertain a high respect for the opinion of the court which pronounced that opinion, I must say that I am not able to see either the propriety of the decision or soundness of the argument which led to it.
 

 It was said that the statute did not, in terms, declare expressly - in what
 
 name on the record
 
 the bond should be sued, but only
 
 *391
 

 by whom
 
 it might be prosecuted. The 15th section of the statute to which a construction was given in the case referred to provides that the bond should be held for the common benefit of all the attaching creditors, “ and may be prosecuted by
 
 any of them jointly,
 
 or by
 
 any one of them, separately,
 
 in respect to his demand.”
 

 It is obvious to me that the legislature intended, and have used words clearly expressing the intention, to allow any one of the attaching creditors to sue such bond in the joint name of all the obligees in respect to all of their demands, or in his own name in respect to his individual demand, at his election. And this construction coincides with the provisions of the subsequent sections. Section 16 requires, in a suit upon such bond, the attaching creditors respectively to state in their declaration their respective demands, &c. and assign as a breach of the condition of such bond, the non-payment of the claim of such creditors. Section 17 provides that the defendants may plead as in other actions of debt on bond, and may plead to such assignment of breaches, and the same proceedings shall be had on such bond as provided by law on bonds with other conditions than for the payment of money. Section 18 provides, if it shall be found by the verdict, &c. that the sum of $50 or upwards was due to any plaintiff in such suit upon any claim or demand which, &c. judgment shall be rendered that such plaintiff have execution for the amount of such claim ; and section 19 provides that if it shall be found that if nothing or less than $50, was due to any plaintiff in such suit, &c. judgment shall be entered against such plaintiff that he take nothing by his
 
 writ,
 
 and costs shall be awarded to the defendant. There is nothing that I can discover in these provisions inconsistent with the right of any one of several attaching creditors, to sue the bond in his own name in respect to his individual demand.
 

 And besides, it is consistent, as I think, with the object of the statute. Several individuals, strangers to each other and to each other’s demand, are by force of the statute included as obligees in a single bond, with a condition to pay to each his individual demand, with costs incurred by him in procuring the attachment. Having such a bond, the legislature was fully
 
 *392
 
 aware that by the common law rule no suit could be sustained upon it for breach of the condition, except in the name of all the obligees, if living; and seeing the difficulties which any one of several obligees would have to encounter in bringing such action, and in alleging and proving a breach of the condition as applied to his co-obligees, provided a remedy by allowing each obligee to sustain separately, in his own name, an action upon the bond to recover his demand.
 

 In my opinion the judgment of the common pleas is erroneous and should be reversed with costs, and the plaintiffs should have judgment on the demurrer.
 

 Cady, J.
 

 also delivered an opinion in favor of reversal, and Gardiner, Ruggles, Strong, Siiankland, and Hoyt, Jrs concurred.