CASE 68—PETITION EQUITY—MAY 10.

# Holland's Assignee, &c v. Cincinnati Desiccating Co.

### APPEAL FROM HARDIN CIRCUIT COURT.

SALES OF PERSONAL PROPERTY—RESCISSION OF CONTRACT.—Where a merchant entered into a written contract, agreeing to purchase of a manufacturing company certain amounts of merchandise, and to use reasonable efforts to sell same, the company agreeing to furnish the goods at specified prices, the contract fixing the times of payment and providing that the failure of either party to comply with the conditions of the contract should be deemed sufficient cause for rescission, a rescission of the contract because the purchaser has put it out of his power to pay by making an assignment for the benefit of his creditors can only have the effect to release the company from obligations in the future, and can give it no right to recover goods already delivered, the title to the goods having passed upon delivery.

D. C. HAYCRAFT AND HOBSON & O'MEARA FOR APPELLANTS.

1. The title to the fertilizer passed to the assignor of the appellant

Holland's Assignee, &c v. Cincinnati Desiccating Co.

by virtue of the sale and delivery of same on the 20th of August, and his subsequently becoming insolvent could not affect his title to same; nor could his title be in any way affected, nor the restoration of the property justified, by a rescission of the contract, which was merely an agreement to fill orders upon certain terms. (Hathaway v. Bennett, 61 Amer. Dec., 739.)

2. By the provision of the contract that "failure on the part of either party to comply with the conditions of this contract will be deemed sufficient cause for rescinding same," was meant only that there should be a termination of the arrangement upon failure to comply with its terms and to excuse the parties from it in the future, but not to affect the title to goods already sold at the time of the breach. (1 Greenleaf on Evidence, sec. 273; Finnel v. Clay, 2 Bibb, 351; Lampton v. Haggard, 3 Mon., 15; Bishop on Contracts, secs. 410, 417.)

3. The purchase of August 20 must be considered as purely voluntary in the absence of anything to show that the fifteen tons required by the contract to be purchased had not been purchased prior to that time.

4. The agreement was not recorded and no lien was retained upon the property. (Peabody v. Landon, 15 Amer. St. Rep., 912; Robinson v. Elliott, 22 Wallace, 513 and Note; Means v. Dowd, 128 U. S., 273.)

5. The petition was bad for failing to aver demand or notice or offer to put the parties in *statu quo.*

W. H. MARRIOTT FOR APPELLEE.

1. By the demurrer to the petition the appellant admitted as true the averments of the same that Holland had become insolvent and had put it out of his power to perform the contract or to pay the money when it should become due; and under such admitted facts the appellee is entitled to a rescission. (Commercial Bank of N. O. v. Newport M. Co., 1. B. M., 16; Abney v. Brownlee's Admr., 1 Mar., 240; 5 Lawson's Rights, Remedies and Practice, sec. 2579; Shaffner v. Killiam, 7 Ill., App., 620; Summers v. Saunders, Litt. Sel. Cases, 329.)

2. The fact that the money was not due when the action was instituted does not preclude the appellee from asserting his right under the contract to rescind the same upon failure of Holland to comply with its terms. (McMillan v. M. & L. R. Co., 15 B. M., 234; Hunter v. Anthony, 80 Amer. Dec., 333.)

3. It was not necessary for appellee to give Holland notice of its intention to rescind the contract. (Bryant v. Ishburgh, 74 Amer. Dec., 659; and Freeman's note on Same; Kirby v. Harrison, 59 Amer. Dec., 683.)

4. The appellant assignee stands in the same attitude as would his assignor. (Loth & Haas v. Carty, 8 Ky. Law Rep., 753; Tandy's Assignee v. Robbins, Willis &. Co., 8 Ky. Law Rep., 265; Bank of Commerce v. Payne & Viley, 10 Ky. Law Rep., 44; Crozier's Assignee v. Cromie, 14 Ky. Law Rep., 858.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The petition of the plaintiff in this action alleges in substance that on the 22d of February, 1893, it entered into a written contract with the appellant T. E. Holland, whereby said Holland agreed to purchase of it certain amounts of merchandise, and to use reasonable efforts to sell same, and appellee agreed to furnish same at specified prices for which said Holland was to pay cash for spring goods, July 1, 1893, and pay 1st of January, 1894, for goods ordered after 1st July, 1893. That pursuant to the contract appellant purchased of it, on 20th of August, 1893, goods, etc., as follows, to-wit:

100 bags fine ground bone at $26 per ton......$260.00

50 bags Ohio Valley Phosphate at $20 per ton.. 100.00

50 bags Phoenix Phosphate at $18 per ton...... 90.00

of the value of $450, which was delivered to appellant, Holland, for which he agreed to pay said sum on or before Jan-1, 1894. That by the terms of the contract it was agreed that a failure of either party to comply with the conditions of the contract should be deemed sufficient cause for rescinding the same. Appellee further alleged that on —day of September, 1893, Holland made a deed of assignment to appellant Howell for the benefit of all his creditors; that said Holland is hopelessly insolvent and had transferred all his property to Howell, and that it will not pay over twenty-five cents on the dollar of his indebtedness, and has thus put it out of his power to comply with the contract made with plaintiff and pay said sum of $450 on or before January 1, 1894, and asked that said contract be rescinded and the

goods above set out to be restored to them, and for proper relief. Appellants demurred to the petition, which demurrer was overruled by the court, and defendants failing to answer or plead further, judgment was rendered in plaintiff's favor for the recovery of the goods sued for, and from that judgment this appeal is prosecuted. A copy of the contract set out by appellee is filed as part of the petition. Appellee insists that the petition shows that Holland has put it out of his power to comply with the terms of the contract, although the debt would not be due until January, 1894, the petition being filed 25th September, 1893, and therefore appellee was entitled to have the contract rescinded, and also contends that a rescission of the contract entitles it to a judgment for the goods sold and delivered to appellant Holland.

The contract seems to have been carefully drawn so far as the interest of appellee is concerned. It is careful to provide that all goods left unsold at the close of the season shall be the sole property of the dealer, and that appellee shall not in any manner be expected to carry the same until the next season.

The contract also provides that not less than fifteen tons shall be ordered, all to be ordered during the year 1893. Also provides that appellee shall not be liable if it fails to fill all orders sent. Appellant was only allowed to sell in a certain locality or territory. There is no provision in the contract that the title to the property should remain in appellee, or that it in any event should have the right to take possession of the goods. We do not mean to say that such provisions would be enforceable if in the contract.

No fraud on the part of appellant is alleged; no lien on the goods was retained in the contract. It seems clear to us that the goods were sold and delivered to appellant Holland, and that the title passed to him. The rescission of

the contract provided for could only have the effect to release appellee from obligations in the future, and could in no way affect transactions theretofore executed. For the reasons indicated, the judgment appealed from is reversed, and cause remanded with directions to the court below to sustain the demurrer, and for further proceedings consistent with this opinion.