[No. 21313. Department Two. November 27, 1928.]

AMERICAN CREAMERIES COMPANY, *Appellant,* v. ARMOUR & COMPANY, *Respondent.*[1]

[1]Reported in 271 Pac. 896.

*Joseph Matsen,* for appellant.

*Peters & Powell, Robert H. Evans,* and *W. Byron Lane,* for respondent.

FRENCH, J.—The respondent was the owner of certain property situate at the corner of Third avenue south and Jackson street in the city of Seattle. The improvements on this property consisted of a large building, a portion of which was used for the business of respondent, other portions thereof being leased to various parties. In June, 1926, respondent leased to appellant some three thousand square feet on the seventh floor of the building, the lease being for a period of three years, and there was inserted in the lease the following clause:

"The lessor reserves unto itself the right to terminate and cancel this lease upon ninety (90) days written notice if at any time during the term the property, of which the demised premises are a part, be sold by the lessor, and the execution of a contract for the sale of said property shall be considered to be a sale within the meaning of this paragraph."

Thereafter the city of Seattle filed its petition for the extension of Second avenue south from Yesler Way to an intersection with Fourth avenue south, and by its condemnation proceeding it was the purpose of the city of Seattle to take, not only practically all of respondent's property, but a large amount of other property as well. After process was served and while the cause was pending, respondent stipulated with the city of Seattle in so far as it was concerned in the condemnation proceedings, specifying the amounts to be awarded, providing for the further occupancy of the building by respondent until such time as the building might be needed by the city, and making certain other provisions which we deem immaterial. Appellant claims that it is entitled to a portion of the award

granted. The lower court held that there had been a sale by the lessor, and that appellant was not entitled to any portion of the award. This appeal follows.

There is but one question for determination in this case, namely, when the city of Seattle took the property by condemnation proceedings, did the transaction amount to a sale of the property within the terms of the lease between respondent and appellant? The precise question was presented to the New York Court in *Vandermulen v. Vandermulen*, 108 N. Y. 195, 15 N. E. 383, where the court says:

"Whatever may be the true meaning of the word *sale* as used in the contract, it is clear that the transaction by which the land is condemned to the use of a railroad, operates, when perfected, as a statute transfer of the title to the corporation and in a legal sense is a purchase of the land, or an interest in the land by the corporation for the price ascertained by the constitutional method. (*Shaw, Ch. J., Parks v. City of Boston*, 15 Pick. 198.) All private titles are subject to be affected by this supreme power of the state, and unless the parties voluntarily agree, the statute steps in and makes an agreement between the owner and the corporation and enforces its performance. . . . The proceedings operated as a sale of the property taken and a purchase thereof by the company, and the interest acquired, whatever its exact legal character, was scarcely less than a fee."

See, also, *Jackson v. State*, 213 N. Y. 34, 106 N. E. 758, Ann. Cas. 1916C 779, L. R. A. 1915D 492; *Bell Telephone Co. v. Parker*, 187 N. Y. 299, 79 N. E. 1008.

"A proceeding to condemn, is, in substance, a proceeding to compel a sale by the owner to the petitioner, . . ." *Atlanta, Knoxville & Northern R. Co. v. Southern R. Co.*, 131 Fed. 657.

"The condemnation proceedings are no more than a compulsory sale of all the owner's interest in the property, . . ." *Charleston & W. C. R. Co. v. Hughes*, 105 Ga. 1, 30 S. W. 972, 70 Am. St. 17.

"The condemnation proceedings are no more than a compulsory sale of all the owner's interest in the property." 10 R. C. L., p. 15.

See, also, 20 C. J. 515.

The only contrary opinion which we have been able to find is the case of *McAllister v. Reel,* 53 Mo. App. 81. But a careful examination of this case convinces us that it is not, strictly speaking, in point, and the statements therein contained which seem to support appellant's contention are made without citation of any authority.

We hold, therefore, that there was a sale of this property by Armour & Company to the city of Seattle within the meaning of the terms of the lease.

Judgment affirmed.

FULLERTON, C. J., ASKREN, PARKER, and MAIN, JJ., concur.