## HAWAIIAN GAS PRODUCTS, Limited, v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9833.

Circuit Court of Appeals, Ninth Circuit.

Feb. 20, 1942.

Heaton L. Wrenn, James M. Richmond, and Anderson, Wrenn & Jenks, all of Honolulu, Hawaii, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Gerald L. Wallace, Edward M. English, and Joseph M. Jones, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The facts of this case were stipulated by the parties and found by the Board to be substantially as follows:

In 1933 the petitioner, an Hawaiian corporation, having its principal place of business in Honolulu, T. H., acquired certain real estate in the Territory of Hawaii which had an adjusted cost basis in its hands in 1937 of $44,979.48. November 2, 1937, the Territory of Hawaii filed an action in the Territorial Courts to condemn, in eminent domain proceedings, among other parcels of land, the above-mentioned real estate belonging to petitioner. The petitioner filed an answer in that action, recognizing the power and capacity of the Territory of Hawaii to take the real estate under eminent domain, but alleged that it did not wish to sell the property in question. Judgment of condemnation was entered December 1, 1937, which ordered the real estate condemned and payment of damages to petitioner in the sum of $32,-500, which sum represented the value of the land as of the date of condemnation. The said sum was paid to, and received by, petitioner in 1937. The transaction resulted in a loss to petitioner in said year in the amount of $12,479.48. The condemnation and taking of the real estate was done without the consent and contrary to the desires of the petitioner.

The question is simply whether the loss sustained by petitioner under the condemnation proceedings was an "ordinary" loss and deductible in full under Section 23(f) of the Revenue Act of 1936, 49 Stat. 1648,

1659, 26 U.S.C.A. Int.Rev.Acts, page 828,[1] or a loss resulting from a "sale or exchange" of a capital asset and deductible only to the extent of $2,000, under Section 117(d) of said Act, 49 Stat. 1692, 26 U.S.C.A. Int. Rev. Acts, page 875.[2] The Board of Tax Appeals decided that the transaction was governed by Section 117(d), supra.

If the eminent domain proceeding amounted to a "sale" within the intendment of Section 117(d), whether or not it was voluntary or involuntary is inconsequential. The real estate was undoubtedly a capital asset, and the capital loss provisions of the revenue acts "disclose a consistent legislative policy to enlarge the class of deductible losses made subject to the capital assets provisions without regard to the voluntary action of the taxpayer in producing them." Helvering v. Hammel, 311 U.S. 504, 511, 61 S.Ct. 368, 372, 85 L.Ed. 303, 131 A.L.R. 1481. In Commissioner v. Coggan, 1 Cir., 119 F.2d 504, 507, it was said that, under the authority of the Hammel case, supra, and Electro-Chemical Engraving Co. v. Commissioner, 311 U.S. 513, 61 S.Ct. 372, 85 L.Ed. 308, "the sale need not be by voluntary action of the taxpayer in order to be a 'sale or exchange' within the meaning of § 117." See also Commissioner v. Peterman, 9 Cir., 118 F.2d 973.

 "A sale," said the Supreme Court in the Five Per Cent Cases (State of Iowa v. McFarland), 110 U.S. 471, 478, 4 S.Ct. 210, 214, 28 L.Ed. 198, "in the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent." It would seem that we have here a transfer of property for a fixed price and that the definition is thereby satisfied. But it is suggested that there is no transfer of property as a result of eminent domain proceedings, but an extinguishment of the individual's title and the founding of a new title in the sovereign. This argument may be carried further with the assertion that the result of a condemnation proceeding is a taking and not a sale; that the fixed sum of money passing from the sovereign to the original owner is not consideration, but damages. These premises are not controlling. In the first place, the sovereign can get no greater title than that held by the former owner.[3] Secondly, that which passes from the sovereign to the individual owner as payment is spoken of by the Revised Laws of Hawaii, 1935, §§ 50-70, as "compensation or damages," so that it is there implied that the payment operates as consideration as well as damages. Thirdly, as basis for the judgment, the compensation is usually arrived at by fixing or ascertaining the market value of the property condemned (29 C.J.S., Eminent Domain §§ 138, 139, p. 976) plus the damage suffered by the owner through deprivation of said property, as, for instance, severance damages. § 63 Rev.Laws Haw. (1935). Furthermore, and finally, there is respectable authority to the effect that "A proceeding to condemn is, in substance, a proceeding to compel a sale by the owner to the petitioner, * * *." Atlanta, K. & N. R. Co. v. Southern R. Co., 6 Cir., 131 F. 657, 666. See, also, American Creameries Co. v. Armour & Co., 149 Wash. 690, 692, 693, 271 P. 896; Tiffany Studios v. Siebert et al., 178 App.Div. 787, 166 N.Y.S. 304, 308; Vandermulen v. Vandermulen, 108 N.Y. 195, 15 N.E. 383; and authorities cited in the foregoing cases. See also 29 C.J.S., Eminent Domain, § 2, p. 780; cf. 18 Am.Jur. § 112, p. 739.

 We are satisfied that the condemnation proceedings amounted to a "sale" of property within the contemplation of Section 117(d) of the Revenue Act of 1936, and the decision of the Board of Tax Appeals is, therefore, affirmed.

---

[1] Section 23. "In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(f) Losses by Corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise.

\* \* \* \* \* \*

"(j) Capital Losses. Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117(d)."

[2] Section 117(d). "(d) Limitation on capital losses. Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. \* \* \*"

[3] The Supreme Court of the State of Washington, in Bethany Presbyterian Church v. City of Seattle, 154 Wash. 529, 533, 282 P. 922, held that title acquired by the city by virtue of eminent domain proceedings passed from property owner to city in legal effect as from grantor to grantee.