## UNITED STATES v. CERTAIN PARCELS OF LAND IN LOYALSOCK TP., LYCOMING COUNTY, PA., et al.

### Civil Action No. 654.

District Court, M. D. Pennsylvania.

Sept. 14, 1943.

J. Barbe Cupp, of Williamsport, Pa., for Faxon Land Co.

John C. Youngman, of Williamsport, Pa., for Walter E. Peeling.

WATSON, District Judge.

This matter is before the Court for disposition of the question as to whether or not Walter E. Peeling, a tenant of the Faxon Land Company whose land was taken by the United States of America, is entitled to damages, which question was submitted to the Court by stipulation entered into by the interested parties. A trial was had on the merits and, from the evidence submitted, the facts are found to be as follows:

Findings of Fact.

1. On May 2, 1941, the United States of America filed a petition for condemnation and a declaration of taking against a parcel of land owned by the Faxon Land Company consisting of approximately forty acres.

2. On January 17, 1939, the Faxon Land Company leased the parcel of land referred to above to Walter E. Peeling for a period ending February 28, 1944.

3. It is provided in the lease, inter alia: "The party of the first part (Faxon Land Company) * * * reserves the right to enter upon the premises * * * and may display * * * 'for sale' cards

thereon", and "It is understood and agreed between the parties hereto and it is made a covenant of this lease that the party of the first part (Faxon Land Company) is primarily interested in selling its land off as lots and, in case any sale or sales are effected by the party of the first part during the term of this lease, the party of the first part reserves the right to enter upon the premises hereinbefore described and take possession, and the party of the second part (Peeling) waives any and all right of action for crops disturbed. The party of the first part, however, agrees to co-operate with the party of the second part in the saving of any crops should a sale or, sales be effected."

4. The Faxon Land Company and the United States of America entered into an agreement fixing the value of the parcel of land, and this amount was paid to the Faxon Land Company.

5. The Faxon Land Company agreed to indemnify the United States of America for any damages which it might sustain by reason of a claim filed by Walter E. Peeling in the condemnation proceedings.

6. Walter E. Peeling suffered certain damages by reason of the termination of the lease.

7. The Faxon Land Company and Walter E. Peeling entered into a stipulation on June 17, 1942, whereby two questions were submitted to the Court for disposition in limine and without a jury. These questions are: "(1) Whether Walter E. Peeling, a tenant of Faxon Land Company, whose land including the leased premises was taken by the United States of America for a housing development, is entitled to damages in view of the terms and provisions of the lease between Faxon Land Company, Lessor, and Walter E. Peeling, lessee, dated January 17, 1939, which lease provided, inter alia," etc. "(2) Whether, if the said Walter E. Peeling was entitled to recover damages for the taking of said leasehold by the United States of America, he released such right through a valid accord and satisfaction or Agreement of Settlement with the lessor, Faxon Land Company." Peeling vacated the leased premises in April of 1941 and the United States of America entered into possession of the property thereafter.

### Discussion.

The language of the lease quoted above clearly indicates that the Faxon Land Company held the leased premises for development purposes and intended by the quoted provision to reserve the right to terminate the lease at any time a sale of a portion or all of the property was deemed advantageous by the Faxon Land Company. It is a coincidence that the land was taken by the United States for the purpose of erecting houses thereon. Consequently, the present facts reveal a situation wherein the lessor reserved the right to enter and take possession of the leased premises where sales were effected pursuant to a proposed housing development and the United States purchased the land for the purpose of a housing development. The lessee, Peeling, contends that the method of purchase, i. e., condemnation, is not a sale within the meaning of the pertinent provision of the lease. This contention is clearly without merit. The United States purchased the property through an appropriate statutory method and, although such fact is perhaps not material, for purposes within the contemplation of the provision of the lease. Consequently, the transaction partakes of all the incidents of a "sale", as that term is used. It is true that the transaction is an involuntary sale of the property but it is a sale nonetheless. American Creameries Co. v. Armour & Co., 149 Wash. 690, 271 P. 896; Vandermulen v. Vandermulen, 108 N. Y. 195, 15 N.E. 383.

Having determined that the condemnation of the premises constitutes a sale within the meaning of the lease, the question remains as to the effect of such "sale". The lessor, by the terms of the lease, reserved the right to enter and take possession of the leased premises in the event of a sale. Consequently, since the interest of a lessee is purely a possessory interest, the resumption of possession by the lessor amounts to a termination of the lease. Hence, it must follow that upon the sale of the property to the United States by this proceeding, and the taking of possession pursuant to such sale, the lease was terminated and the lessee had no interest in the land upon which to base a claim in this proceeding. Scholl's Appeal, 292 Pa. 262, 141 A. 44; Adamson v. Public Service Commission, 104 Pa.Super. 588, 159 A. 52.

The lessee also contends that the lessor violated the covenant in the lease to the effect that the lessor would cooperate with the lessee in the saving of crops in the event of a sale. It is unnecessary to

decide whether or not the breach of a covenant in a lease will furnish grounds for filing a claim in the condemnation proceedings because the evidence offered to prove this contention was clearly insufficient to establish such breach of covenant. The sole evidence submitted in that regard was the testimony of the lessee, Peeling, which amounts to nothing more than an expression of his opinion that something might have been done to mitigate or avoid the loss of his crops. However, there is no indication of exactly what might have been done and who would have had the authority to do it, except that Peeling stated that if the housing development had proceeded in a manner favorable to the harvesting of some of the crops of the lessee, part of the damage would have been mitigated. The lessee also complained that the lessor failed to cooperate in giving support to its claim in the condemnation proceeding and in the negotiations leading up to the condemnation proceedings. The obvious answer to this complaint is that the lessor is not obligated by the lease to support an invalid claim of damages against the United States of America and, in fact, properly refused to do so.

Having reached the conclusion that Walter E. Peeling is not entitled to recover in this proceeding for any damages which he may have sustained, it is unnecessary to decide the second question submitted in the stipulation.

### Conclusions of Law.

1. The terms of the lease entered into between the Faxon Land Company and Walter E. Peeling are such that Peeling is not entitled to damages by reason of the taking of the leased premises by the United States of America.

2. The condemnation of the leased premises is a "sale" within the meaning of that term as used in the lease.

3. Walter E. Peeling does not have any title or interest in the property here under consideration which would support a claim in this proceeding for damages.

It is ordered, adjudged, and decreed that the first question submitted for determination in limine by this Court in the stipulation filed June 17, 1942, is answered in the negative, and

It is further ordered, adjudged, and decreed that Walter E. Peeling, lessee and claimant in this proceeding, has no interest in any fund paid into this Court by the United States of America by reason of the condemnation of the land involved in this proceeding, nor has the said Walter E. Peeling any valid claim against the United States of America by reason of the condemnation of the land involved in this proceeding.