**PEDROTTI et al. v. MARIN COUNTY, CAL.**
**No. 10864.**

Circuit Court of Appeals, Ninth Circuit.
Jan. 10, 1946.
Rehearing Denied Feb. 26, 1946.

Gregory, Hunt, Melvin & Faulkner, Harold C. Faulkner, and John B. Molinari, all of San Francisco, Cal., for appellants.

Al. Bagshaw, Dist. Atty., and Harold Jos. Haley and Thomas P. Boyd, Deputy Dist. Attys., all of San Rafael, Cal., for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

This is a suit to determine who is entitled to the award in eminent domain payable by the United States for the condemnation and taking of land known as the Pedrotti Ranch in the County of Marin, State of California.

On November 9, 1933, Matthias Joseph Pedrotti died, leaving a will which contained the following provision:

"8. I give, devise and bequeath my home ranch at Ignacio, Marin County, California, commonly known as the Pedrotti Ranch, containing 263 acres of land more or less, to the County of Marin. Said ranch shall be kept by said County of Marin, and the net income derived therefrom shall be used by said County of Marin for the aid and relief of crippled and blind bona fide residents of the County of Marin, who are in need. Said County of Marin shall at no time sell or mortgage said property, or attempt to sell or mortgage the same, and in the event that said County of Marin should sell or mortgage the said property, or attempt to sell or mortgage said property, then it shall forfeit all rights to said property, and said property shall forthwith revert to, and become the property of my heirs at law according to the laws of succession of the State of California.

"This gift to said County of Marin is given in memory of my deceased wife, Henrietta G. Pedrotti, and said ranch shall upon its distribution to said County of Marin, be known as, and called the 'Henrietta G. Pedrotti Memorial Farm.'"

The will was duly admitted to probate and on or about the 28th day of December, 1934, the property described in the above provision was distributed by the Superior Court of the State of California to the County of Marin in trust, according to the provisions of the said last will and testament of Matthias Joseph Pedrotti.

Pursuant to the order of distribution, the County of Marin took possession of the said Pedrotti Ranch and held the same until the taking thereof by the United States under condemnation proceedings.

The amount of $43,550 has been paid by the United States into the registry of the United States District Court, which amount all parties to the condemnation proceedings stipulated was full, adequate and just compensation for the property.

The defendants in the condemnation proceedings further stipulated and agreed to the payment of $2,027 to one M. S. Amaral for his leasehold interest in the property. The question before this court is whether the remaining sum of $41,533 shall be paid to the County of Marin or to the heirs of decedent.

The issue was tried by the Court below, without a jury. The trial court found "that the primary intent and purpose of the said Matthias Joseph Pedrotti in devising said property to the County of Marin was to create a charity for the needy crippled and needy blind bona fide residents of the County of Marin; that a secondary purpose of said devise was to create a memorial to the said testator's deceased wife"; "that the testator did not intend to use the word 'sale' or the word 'sell' in said devise except in their ordinary and customary meaning and did not intend to include 'condemnation' or 'taking by eminent domain' in either of said terms"; and "that the charitable purpose of said devise has not been defeated or become impossible of fulfillment by the condemnation of said property by the United States and that said purpose can still be carried out" * * * under the cy pres doctrine.

In our opinion, the principal result the testator sought to accomplish was to preserve this home ranch as a perpetual memorial to his deceased wife. He indicated that so long as the county held the land for this specific purpose, it might use any income therefrom to help its needy residents. This provision that any net income should be used for charitable purposes was not the primary object of the trust but a mere incident inserted in the instrument of devise to avoid any inhibitions against perpetuities which possibly might be urged under the California Constitution, Art. XX, Section 9,[1] against the establishment of this particular memorial.

It appears clear to us that this donation of the income for charitable uses was not the main purpose of the trust but only an incident designed to make more certain that the intention of the testator that the home ranch be kept as a memorial to the testator's deceased wife would be carried out. Moreover, the prohibition against any sale or mortgage and the provision that any attempt to sell or mortgage would cause a forfeiture of the property is also persuasive that the main object of the trust was the establishment of the Henrietta Pedrotti Memorial rather than the charitable uses suggested.

■ We have no quarrel with the prin-

---

[1] "Article XX. Miscellaneous Subjects. * * * § 9. Perpetuities not allowed. No perpetuities shall be allowed except for eleemosynary purposes."

ciple of cy pres—to continue the charity in the next best way if the precise method prescribed becomes impossible of fulfillment—if the intent of the testator were clear and as interpreted by the lower court. That is, if it were clear from the will that the intention of the testator was that his property should be applied to a charitable purpose *in any event*, we could apply the *cy pres* doctrine in order that such general charitable intent might not be defeated. However, here it is *not* clear that testator intended to create a general charitable trust. We think he intended that the provision for this should be carried out only if and as long as the property could remain as a memorial to his wife and if the property, so preserved, yielded an income. That objective having failed through transfer of the property (however involuntary the transfer may have been), it is our opinion that the trust has terminated and the property reverted to the heirs.

For Marin County it is contended that the provision that the trust should terminate in the event of a "sale" or "mortgaging" of the property excludes the idea of a conveyance through condemnation proceedings as not being a voluntary sale; that the testator intended the trust to fail only in the event of a *voluntary* sale; and that therefore he could not have intended that the taking through condemnation proceedings should operate to terminate the trust, even though it concedes that a condemnation or taking by eminent domain may be treated and considered as a sale "for certain purposes." That argument loses sight of the qualifying provision that the property remain a memorial to testator's wife. That principal direction cannot be thus carelessly disregarded. With that in mind, the testator's intention is plainly perceptible—that the trust should fail if the property passed (voluntarily or otherwise), for with it would pass the trust res or the corpus of the memorial, the creation of which motivated his bequest. We think the testator meant "convey" and that he used the term "sale" or "mortgage" because at the time of making his will a "sale" or "mortgage" was the conceivable means by which the County might dispose of the property. We do not think his intent should be circumscribed by so narrow a construction as the court below attributes to the language of the will.

There is ample authority for appellant's contention that a transfer of property by eminent domain is a "sale." [2]

The decision of the lower court is reversed and the cause remanded for further proceedings consistent with this opinion.

---

[2] 29 C.J.S., Eminent Domain, § 2, pp. 777–780; 18 Am.Jur. p. 739; Five Per Cent. Cases (State of Iowa v. McFarland), 110 U.S. 471, 4 S.Ct. 210, 28 L.Ed. 198; Hawaiian Gas Products v. Commissioner of Int. Rev., 9 Cir., 126 F.2d 4, certiorari denied 317 U.S. 653, 63 S.Ct. 48, 87 L.Ed. 525; Commissioner of Internal Revenue v. Kieselbach, 3 Cir., 127 F.2d 359; United States v. Certain Parcels of Land in Loyalstock Tp., etc., D.C., 51 F.Supp. 811; American Creameries Co. v. Armour & Co., 149 Wash. 690, 271 P. 896.