## STEADMAN v. CLEMENS.

1. COMPROMISE AND SETTLEMENT—STATUTE OF LIMITATIONS.
    In action on a compromise agreement which provided that in case defendants sold certain land within a period of eight years from the date thereof they would pay plaintiff's assignor one half of the sum received therefor, the statute of limitations was inapplicable as the eight-year period was provided by the agreement.

2. EMINENT DOMAIN—NECESSITY—DAMAGES—VERDICT.
    The verdict of the jury in condemnation proceedings is requisite to determine the necessity for taking of private lands and the amount of damages.

3. SAME—DISCONTINUANCE OF CONDEMNATION PROCEEDINGS.
    A public authority may discontinue condemnation proceedings prior to confirmation of the verdict.

---

REFERENCES FOR POINTS IN FOOTNOTES
[1] 34 Am. Jur., Limitation of Actions, § 67.
[1] Contractual limitation of time for bringing action, validity of. 121 A.L.R. 758, at p. 795.
[2, 3] Abandonment of eminent domain proceedings, right to and effect of. 31 A.L.R. 352; and 121 A.L.R. 12.
[2, 3] 18 Am. Jur., Eminent Domain, § 370.
[4, 7] 18 Am. Jur., Eminent Domain, § 113.

4. COMPROMISE AND SETTLEMENT—SALE OF LAND—CONDEMNATION PROCEEDINGS.

> Where compromise agreement provided that defendants should pay the plaintiff's assignor one-half the proceeds of a sale of certain land if it were sold within eight years from the date thereof and at expiration of eight years a condemnation proceeding had merely progressed to the filing of a *lis pendens,* impaneling of a jury and possibly the taking of some testimony, no sale had been made as the jury had not rendered its verdict nor had payment been made or secured (Const. 1908, art. 13, § 1; 1 Comp. Laws 1929, § 3778).

5. SALES—CONSIDERATION.

> A sale is a parting with one's interest in a thing for a valuable consideration.

6. SAME—TRANSFER OF TITLE.

> In every sale there is a transfer or change of title from the vendor to the vendee.

7. EMINENT DOMAIN—TRANSFER OF TITLE.

> Title to property, entitling the condemnor to possession, may not pass in condemnation proceedings until just compensation therefor has been made or secured (Const. 1908, art. 13, § 1; 1 Comp. Laws 1929, § 3778).

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 9, 1948. (Docket No. 43, Calendar No. 43,855.) Decided April 6, 1948.

Assumpsit by Marvin Steadman, as assignee of Depositors Liquidation Corporation, against George R. Clemens and others for money claimed due on written contract. Judgment for plaintiff. Defendants appeal. Reversed without new trial.

*Berger, Manason & Kayes,* for plaintiff.

*George F. Curran (Donald W. Grant,* of counsel), for defendants.

REID, J. This is a suit in assumpsit begun by plaintiff as assignee of the rights of the Plymouth United

Savings Bank to recover for moneys claimed to be due plaintiff under the terms of a written contract compromising a previous lawsuit brought by the bank against Levi Clemens and Isabella·Clemens. Plaintiff had judgment. Defendants appeal.

The principal question for our determination is whether the mere beginning of condemnation proceedings, filing of *lis pendens* and impaneling of the jury, constituted a sale within the terms of the agreement providing that if a sale of certain property should occur within eight years after the date of the agreement one-half of the proceeds (within a specified limit) must be paid the bank.

In order to procure the discontinuance of the previous lawsuit mentioned above pending against them, Levi Clemens and wife, Isabella Clemens, two of the four defendants in the case at bar, on June 12, 1935 signed a compromise agreement which recited that they were indebted to the bank in the total sum of $12,147.54 and, also, that they owned about 60 acres of land in Livonia township, Wayne county, and that they agreed to pay $1,000 down on the execution of the agreement, and $4,200 in instalments, with interest, within the next four years. In addition thereto, the other two defendants in the case at bar, George R. Clemens and Clarence M. Clemens, who were theretofore not liable for the payment of the debt, signed the agreement and thereby made themselves liable for the payment of the decreased sum totaling $5,200, in extinguishment of the original debt. The agreement also provided that if the defendants, "shall at any time within a period of eight years from the date of this agreement sell the south 20 acres of the above described real estate, or any part thereof, they will pay to the  *  *  *  [bank] ½ of any amount that may be realized from the sale of said 20 acres."

The agreement further provided that the obligation to pay half the sum realized on the sale of the 20 acres should not, added to the payments totaling $5,200, exceed $8,000.

Subsequent to the signing of the agreement, the assets of the bank were assigned to Depositors Liquidation Corporation, which in turn assigned the bank's interest in the agreement to plaintiff. The sum of $5,200 and interest thereon was duly paid.

No voluntary sale of the 20 acres was ever made.

George R. Clemens entered the United States military service in March, 1943, and at the time of the filing of the stipulation of facts in the lower court, May 13, 1947, was still in the service.

The statute of limitations is pleaded by defendants. The agreement provided that the parents, Levi and Isabella Clemens, could deed to their two sons, George and Clarence, without paying the bank any part of the proceeds of a sale if made, but the two sons, if they received title by deed from their parents, evidently were then bound in case of a sale to carry out the agreement for payment of part of the proceeds. The record does not show that either George or Clarence ever received title. The absence of George R. Clemens in military service did not prevent his parents, the owners of the 20 acres, from selling at any time during the eight-year period. Such sale by the parents, if made, would have been voluntary on their part. The agreement gave the bank no right to force Levi and Isabella Clemens to sell to anybody. The statute of limitations has no applicability; the eight-year period is a limitation by agreement and not by statute. The theory advanced by plaintiff that the statute of limitations would be tolled by reason of absence of George R. Clemens is untenable. We do not say that even if George had an interest in the title, the statute of limitations could be considered to have applied.

A stipulation of facts filed by the parties in the lower court among other things recites the following:

"On March 23, 1943, a *lis pendens* was filed on this property, No. 1278, by the Huron-Clinton Metropolitan Authority, a Michigan governmental agency, for the purpose of condemning this property for public purposes. Subsequently, on April 20, 1943, a condemnation jury was  *  *  * [impaneled] (Circuit Court Law file number 230,201), trial had, and on November 10, 1943, the jury returned its verdict making an award to these defendants and their wives in the amount of $2,576.40, which award is presently held by the Authority subject to garnishment proceedings filed in this cause. On January 4, 1944, a court order was entered confirming the verdict of the jury, and so far as the land involved in this litigation is concerned, no motion for a new trial has been filed nor has any appeal ever been taken."

Plaintiff claims that the filing of the notice of *lis pendens* and the impaneling of the jury constituted a sale within the meaning of the agreement. Defendants deny that a sale was consummated within the eight years.

As to the proposition that the word "sale" is to be so construed that upon the conclusion of a condemnation proceedings, when perfected favorably to the condemning authority, a sale is to be deemed to have taken place, see *Vandermulen* v. *Vandermulen,* 108 N. Y. 195 (15 N. E. 383).

The parties to this case do not dispute that if the title to the 20 acres had passed to the Huron-Clinton Metropolitan Authority by way of condemnation proceedings, with payment made or secured, all within the eight-year period, a sale would be considered to have been consummated.

Act No. 149, § 16, Pub. Acts 1911 (1 Comp. Laws 1929, § 3778 [Stat. Ann. § 8.26]), prescribes how pay-

ment shall be made and secured, and further provides in part as follows:

"Whenever the amount of compensation is thus set aside and thus secured to be paid, the petitioner may enter upon and take possession of and use such private property for the purpose for which it was taken."

The verdict of the jury was requisite to determine the necessity for taking of the private lands involved and the amount of damages. Also, see *In re Board of Education of City of Detroit,* 242 Mich. 658, 660, regarding the right of a public authority to discontinue prior to confirmation of the verdict.

In the case at bar the condemnation proceedings at the time of the expiration of the eight-year period mentioned in the contract, June 12, 1943, had progressed only to the filing of *lis pendens* and impaneling of the jury, and possibly the taking of some testimony. The verdict of the jury had not even been rendered nor had payment been made or secured. The proceedings were not, at that stage, complete and therefore did not constitute a sale.

We said in *Western Massachusetts Ins. Co.* v. *Riker,* 10 Mich. 279, 281:

"A sale is a parting with one's interest in a thing for a valuable consideration.  *  *  *  In every sale there is a transfer or change of title from the vendor to the vendee."

Michigan State Constitution (1908), art. 13, § 1, provides:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law."

Construing this section of the Constitution, we said in *Anderson Trust Co.* v. *American Life Ins. Co.*, 302 Mich. 575, 584:

"We think that the constitutional provision, 'private property shall not be taken' means more than that possession of private property shall not be taken. It means that the title to private property shall not pass (which alone would give the right to take possession) 'without * * * just compensation being *first* made or secured in such manner as shall be prescribed by law.'"

In the case at bar title did not pass within the eight-year period because within that period just compensation was neither made nor secured.

The judgment appealed from is reversed and no new trial granted. Costs to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.