Adamson, Appellant, *v.* Public Service Commission of Pa.

Argued December 7, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Arthur L. Shay,* for appellant.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *John Fox Weiss,* Counsel for The Public Service Commission for appellee.

*Charles E. Berger,* County Solicitor, for intervening appellee.

OPINION BY LINN, J., March 5, 1932:

This appeal is from the refusal by the commission of appellant's claim for damages in a proceeding for the abolition of grade crossings.

Pursuant to Article V, Section 12, of the Public Service Company Law, 1913, P. L. 1374, 1408, as amended 1917, P. L. 1025, the commission, by an order dated November 18, 1930, directed the removal of several state highway grade crossings over railway tracks of the Reading Company in Schuylkill County. The estimated cost of separating the grades and substituting suitable facilities was $237,000. The county was ordered to pay compensation for damages to owners of property taken, injured or destroyed, except such as might be sustained by the Philadelphia and Reading Coal and Iron Company and the Reading Company; the right to damages by those companies was waived.

Appellant was the Coal and Iron Company's tenant, at $50 per annum, of certain land taken for the improvement. On it, he had several frame buildings. The lease provided that the lessor might end the term at any time on 30 days' notice, and that acceptance of rent after such notice, should not affect the right of the lessor to take possession under the notice. It also

provided that the lessee might remove the improvements belonging to him within 30 days after the term, if rent and taxes were paid. Notice of termination of the lease was given in July, 1929, but was disregarded by the tenant. Judgment in ejectment, by confession pursuant to the terms of the lease, was entered in the common pleas and a writ of possession was issued in September, 1930, after which appellant surrendered possession and moved everything but his buildings. On November 12, 1930, before the proceeding for the abolition of the grade crossings terminated in the order referred to above, the landlord took down the buildings, stored the materials, and again notified appellant to remove the lumber. His claim for damages in a large sum was based on that destruction of his buildings.

The commission ruled that appellant was not entitled to damages. He has appealed. Both the commission and the County of Schuylkill appear in this court against the claim.

We must affirm the order. In his brief, the learned counsel for appellant frankly states that he can "not ask for damages for the determination of the leasehold, for that we concede the company had the right to determine;" he limits the claim to damages for the buildings destroyed by the landlord. Shortly stated, that claim is based on these facts: the Coal and Iron Company, landlord, owned all the land for great distances around the locus in quo, with the result, so appellant contends, that when his right to occupy the ground ceased he could not obtain a near-by site to which to remove his buildings.

While the constitution provides for compensation for property taken, injured, or destroyed in the exercise of the right of eminent domain, it is obvious that the action of the landlord and its consequence are not within the scope of the provision. Before the com-

mission made its order of condemnation appellant's term had rightfully ended, as he concedes; as his buildings were then gone, they were not appropriated under the right of eminent domain; he has no claim in this proceeding.

The order is affirmed and the appeal is dismissed.

This opinion was written by Judge LINN prior to his appointment to the Supreme Court, and has been adopted as the opinion of this court. F. M. TREXLER, P. J.